HUDSON DIESEL, INC., Plaintiff-Appellant-Cross
Respondent,

v.

Richard L. KENALL, Martin W. O'Connell, Jerry E.
Harrington, Eugene E. Berg, Roger R. Evenson and
Duane P. Razink, Defendants-Third Party Plaintiffs-
Respondents-Cross Appellants,†

EDINA REALTY, INC., and Roger Hetchler, Third Party
Defendants.

Court of Appeals

*No. 94–2416. Submitted on briefs April 10, 1995.—Decided
May 2, 1995.*

(Also reported in 535 N.W.2d 65.)

†Petition to review denied.

531

535

For the plaintiff-appellant-cross respondent the cause was submitted on the briefs of *Daniel P. Murray* and *B. J. Hammarback* of *Hammarback Law Offices, S.C.* of River Falls.

For the defendants-third party plaintiffs-respondents-cross appellants the cause was submitted on the briefs of *Catherine R. Quiggle* of *Rodli, Beskar, Boles, Krueger, S.C.* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Hudson Diesel, Inc. (Hudson) appeals an order dismissing its complaint for discovery viola-

tions. Hudson contends the trial court erred by dismissing the complaint because: (1) the discovery violations were inadvertent, not egregious; (2) it had a justifiable excuse for the violations; (3) the information that it failed to furnish was incidental to the principal issue in dispute; and (4) it was not given an opportunity to cure the defect. Because we conclude the facts do not support a finding that Hudson's conduct was intentional or egregious, that the information Hudson failed to supply was peripheral to the principal issue in the case and that less severe sanctions were readily available to cure the violation, we reverse the trial court's order dismissing the complaint.

Additionally, Hudson appeals and the defendants cross-appeal the trial court's order denying their respective motions for summary judgment. Because we conclude that the trial court properly denied the motions based on its finding that disputed issues of material fact existed, we affirm the trial court's order.

The facts giving rise to this action stem from a real estate purchase agreement between Hudson and the defendants. The defendants own a parcel of land located in St. Croix County. In 1989, the defendants listed the parcel for sale with Roger Hetchler, a real estate agent for Edina Realty. Hudson submitted an offer to purchase the property and paid earnest money to Edina Realty in the amount of $10,000. The defendants submitted a counter-offer, which Hudson accepted.

Hudson made its offer to purchase the defendants' property with the intent to resell part of the property. To that end, Hudson listed a portion of the property for sale with Edina Realty. A third party, Charter Oaks, subsequently approached Hudson regarding purchase of the property. Charter Oaks indicated it was inter-

ested in purchasing the property; however, it could not close on a purchase from Hudson within the time Hudson was required to close its purchase from the defendants. To facilitate the purchase to Charter Oaks, Hudson requested and obtained an amendment to the original purchase agreement.

The amended purchase agreement extended Hudson's closing date to April 15, 1991, required Hudson to pay an additional $40,000 in earnest money and required Hudson to pay the entire balance of the $390,000 purchase price on the date of closing. Hudson subsequently paid the additional earnest money to Edina Realty, which disbursed the money to the defendants. Under the terms of the contract, the $50,000 earnest money was nonrefundable.

Hudson subsequently learned that Charter Oaks would be unable to purchase the parcel of property. The defendants telephoned Hudson to determine whether it still intended to proceed with the sale. Hudson informed the defendants that it would be unable to confirm its intentions until the closing date. Over the course of the thirty days preceding the closing date, the defendants called Edina Realty on three occasions to determine whether Hudson intended to follow through with the purchase. On each occasion, Edina Realty informed the defendants that Hudson's purchase decision would not be made until the closing date.

On the date of closing, Hudson informed Edina Realty that it intended to close on the sale and made arrangements for the closing to take place at Firstar Bank, f/k/a First National Bank. Hudson arrived at the bank at approximately 3:30 p.m. and remained there until approximately 5:30 p.m. Hudson alleges that it had over $400,000 in cash in its possession, a fact the defendants contest, and that it was prepared to close

the transaction. The defendants, however, did not appear, nor did they tender the deed as required by the purchase agreement. Consequently, Hudson filed a complaint against the defendants alleging breach of contract and seeking to recover the $50,000 in earnest money plus damages. Hudson then amended its complaint to include a cause of action for fraud and a request for punitive damages. The defendants responded by filing a third-party complaint against Edina Realty, Roger Hetchler and Hudson's credit manager, Bernard Seidling.[1] The trial was scheduled for August 1, 1994.

On May 20, 1994, the defendants served Hudson with interrogatories and requests for production of documents. The defendants' discovery requests were designed to determine whether Hudson did in fact have sufficient financial resources on the day of closing to tender performance of the contract. On June 1, both Hudson and the defendants filed motions for partial summary judgment. Hudson's summary judgment motion sought a determination that a contract existed between the parties, that the defendants breached the contract and that Hudson was entitled to a return of its $50,000 earnest money. Conversely, the defendants' summary judgment motion sought dismissal of Hudson's fraud and punitive damage claims on the ground that there was no evidence to support these claims. The trial court granted that part of Hudson's motion seeking a determination that a contract existed between the parties. However, it denied the remainder of Hudson's motion and the defendants' motion, finding that there were disputed issues of material fact that precluded summary judgment.

---

[1] Seidling was eventually dismissed from the suit.

As of July 20, 1994, the defendants had not received a response to their discovery request. Accordingly, the defendants filed a motion seeking an order to require Hudson to respond. Three days later, Hudson provided the defendants with some sixty-four pages of documentation in an effort to satisfy the defendants' discovery request. The defendants' attorney, however, determined that the documentation was inadequate and wrote a letter to the trial court informing the court that Hudson's response was unacceptable. On July 26, a hearing was held on the defendants' discovery motion. At the hearing, the trial court concluded that Hudson did indeed fail to comply with discovery. As a sanction for Hudson's discovery violation, the defendants proposed that Hudson be limited to the documents it submitted in attempting to establish that it had sufficient financial resources on the day of closing to tender performance of the contract. Additionally, the defendants requested that the trial court instruct the jury that the defendants requested authorization forms from Hudson and that Hudson failed to comply. The trial court granted the defendants' request and entered an order imposing the proposed sanctions.

Soon after the trial court granted the order, the defendants discovered that the tax returns they requested from Hudson were incomplete and that certain forms were entirely omitted. As a result, the defendants filed a motion to dismiss Hudson's complaint notwithstanding the remedial sanction the trial court previously ordered. The defendants argued that they were unaware the tax returns were incomplete at the time they proposed the initial sanctions and that Hudson's failure to furnish all of the appropriate tax forms was egregious conduct warranting dismissal. Additionally, the defendants sought dismissal on the

540

grounds that Hudson served subpoenas duces tecum on several defendants requiring them to appear with documents that were rendered inadmissible under the trial court's previous order.

In response to the defendants' motion, Hudson noted that the subpoenas were served prior to the trial court's order. The trial court accepted Hudson's explanation and denied the defendants' request for dismissal on this basis. As to its failure to provide the defendants with the complete tax forms, Hudson argued that it was an inadvertent mistake. Hudson further argued that its failure to provide these forms did not prejudice the defendants' ability to defend the claim. The trial court, however, concluded that Hudson's failure to supply the tax forms was an egregious violation of discovery procedures and dismissed the complaint. Hudson appeals.

Under §§ 805.03[2] and 804.12(2)(a)3,[3] STATS., the trial court has discretion to dismiss a complaint for a discovery violation. We review a trial court's decision to

---

[2] Section 805.03, STATS., provides in relevant part:

For failure of any . . . party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a).

[3] Section 804.12(2)(a)3, STATS., provides in relevant part:

(a) If a party . . . fails to obey an order to provide or permit discovery, including an order made under sub. (1) . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

3. An order striking out pleadings or parts thereof, or . . . dismissing the action or proceeding or any part thereof . . . .

dismiss a complaint under the erroneous exercise of discretion standard. *Taylor v. State Highway Comm'n,* 45 Wis. 2d 490, 494-95, 173 N.W.2d 707, 711 (1970). We will affirm the trial court's exercise of discretion unless it fails to properly apply the law or makes an unreasonable determination under the existing facts and circumstances. *Erbstoeszer v. American Cas. Co.,* 169 Wis. 2d 637, 644, 486 Wis. 2d 549, 552 (Ct. App. 1992).

Because dismissal of a complaint terminates the litigation without regard to the merits of the claim, dismissal is an extremely drastic penalty that should be imposed only where such harsh measures are necessary. *Trispel v. Haefer,* 89 Wis. 2d 725, 732, 279 N.W.2d 242, 245 (1979). In *Johnson v. Allis Chalmers Corp.,* 162 Wis. 2d 261, 273, 470 N.W.2d 859, 865 (1991), our supreme court held that dismissal is appropriate only where the noncomplying party's conduct is egregious or in bad faith and without a clear and justifiable excuse. Hudson contends that under *Johnson,* the trial court may only dismiss a complaint if the noncomplying party's conduct is both egregious and in bad faith. Therefore, Hudson argues that because its failure to comply with the defendants' discovery demand was an inadvertent error, the trial court was without authority to dismiss its complaint. We conclude *Johnson* holds that a trial court may dismiss a party's complaint where the party's conduct is either egregious or in bad faith. Because we conclude that the underlying facts do not support a finding that Hudson's conduct was in bad faith or so serious and persistent that it could be classified as egregious, we conclude that the trial court erred by dismissing Hudson's complaint.

Section 805.03, STATS., does not define bad faith. Nonetheless, it is readily understood that bad faith by its nature cannot be unintentional. *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 376 (1978). Given this fact, it is apparent that to dismiss a complaint for bad faith, the trial court must find that the noncomplying party intentionally or deliberately delayed, obstructed or refused the requesting party's discovery demand. If the trial court concludes that the noncomplying party acted in bad faith, the trial court may impose those sanctions it considers appropriate. In this case, however, the trial court did not find, nor does the record demonstrate, that Hudson's failure to adequately respond to the defendants' discovery request was intentional. Accordingly, the trial court could only order dismissal if Hudson's conduct was egregious.

If the noncomplying party's conduct, though unintentional, is so extreme, substantial and persistent that it can properly be characterized as egregious, the trial court may dismiss the action. *Johnson*, 161 Wis. 2d at 273, 470 N.W.2d at 865. There is no dispute that Hudson's response to the defendants' discovery demand was inadequate. However, unlike counsel's conduct in *Johnson*, Hudson's conduct in this case was not so extreme or persistent that it could be categorized as egregious.

There is nothing in this case to indicate that Hudson persistently violated discovery procedure or that its conduct was part of a continuous attempt to obstruct or delay the litigation. The record shows only that Hudson responded to the defendants' discovery request, that the response was found inadequate and

that an order was entered sanctioning Hudson for its inadequate response. The defendants never requested Hudson to supplement its response, nor did the court order Hudson to do so. Instead, the court entered a prophylactic order, sanctioning Hudson for its conduct and limiting the evidence it could use to establish that it was prepared to perform the contract on the day of closing. Hudson accepted and complied with the court's order.

Further, the record shows that while Hudson's discovery response was inadequate, Hudson did attempt to comply with the defendants' discovery demand. Hudson provided the defendants with approximately sixty-four pages of documents, including an accounting of auction proceeds, several tax returns and a variety of other documents. All of these documents related to Hudson's claim that it possessed sufficient financial resources to perform the contract on the closing date. Thus, while inadequate, Hudson's response did address the issue that the defendants' discovery request sought to explore. Finally, we note that the tax returns that Hudson omitted from its response were peripheral to the issue whether Hudson had sufficient financial resources to close the transaction. The tax forms and schedules would not have disclosed the existence of the cash, nor would they have presented direct proof as to whether Hudson had the cash in its possession. The peripheral nature of the omitted tax documents significantly reduced the severity of Hudson's conduct.

Hudson's discovery response was inappropriate, and we stress that we do not sanction such conduct. However, based on the circumstances present in this particular case, we conclude that Hudson's conduct

544

was not so extreme or persistent that it could properly be characterized as egregious. Accordingly, we conclude that the trial court erred by dismissing Hudson's complaint.

We further conclude that when the conduct that is the basis for dismissal is not intentional or in bad faith, the trial court must determine whether less severe sanctions are available to remedy the noncomplying party's discovery violation before dismissal may be ordered. *See generally Johnson*, 162 Wis. 2d at 273, 470 N.W.2d at 865. In this case, the defendants discovered that certain tax documents were missing prior to the commencement of the trial. Nonetheless, the defendants did not request, nor did the trial court explore the possibility of ordering Hudson to immediately provide the omitted tax documents. Although it is not clear, the record indicates that had such an order been imposed, the defendants' expert would have had adequate time to review them prior to testifying at trial. Further, we note that Hudson was available for deposition purposes. Thus, rather than dismissing the complaint, the trial court should have considered the possibility of requiring Hudson to provide a pretrial deposition to remedy the defendants' complaint that they received inadequate information. While we realize that the lack of time prior to trial would have increased the cost to the defendants, a financial sanction together with an order to immediately produce the documents and submit to a pretrial deposition should have been considered to determine whether less severe sanctions would have adequately addressed the issue.

We emphasize that a trial court need only explore alternative remedies where the noncomplying party's

conduct is unintentional. Because the trial court did not find that Hudson's discovery violation stemmed from intentional conduct, the court was obligated to explore less severe sanctions before dismissing the complaint. The trial court's failure to explore alternative remedies was an erroneous exercise of discretion.

We are aware that trial courts bear an onerous responsibility in policing discovery procedures and that they must have adequate sanctions available to effectively enforce the discovery statutes. This opinion is not intended to discourage trial courts from exercising their discretion in policing discovery. Quite the contrary, we encourage trial courts to fulfill their obligation to control discovery proceedings in a meaningful way and to order those sanctions they deem appropriate. However, where the noncomplying party's conduct is inadvertent, we urge trial courts to resort to dismissal only where necessary to assure justice between the parties.

Hudson next contends that the trial court erred by denying its motion for summary judgment, requesting a finding that it was entitled to a return of its $50,000 in earnest money. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Green Springs Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment should only be granted where the moving party demonstrates a right to judgment with such clarity that no room for controversy exists. *Grams v. Boss*, 97 Wis. 2d 332, 338 294 N.W.2d 473, 477 (1980). Any doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Id.* at 338-39, 294 N.W.2d at 477. In this case, there is a disputed issue of

546

material fact as to whether Hudson possessed sufficient financial resources to close the transaction under the terms of the contract. Accordingly, we conclude that the trial court properly denied Hudson's motion for summary judgment.

On cross-appeal, the defendants contend that the trial court erred by denying their motion for summary judgment requesting dismissal of Hudson's fraud and punitive damage claims. Fraud requires a state of mind determination. Summary judgment should not be granted where the resolution of a dispositive issue depends on state of mind. *Gouger v. Hardtke*, 167 Wis. 2d 504, 517, 482 N.W.2d 84, 90 (1992). Therefore, because this issue is not appropriate for summary judgment and because Hudson's punitive damage claim is directly related to its fraud claim, we conclude that the trial court properly refused the defendants' motion for summary judgment.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded. No costs on appeal.