ANN WALSH BRADLEY, J.
¶ 1. The petitioner, Mable K., seeks review of an order of the court of appeals dismissing her appeals in two consolidated termination of parental rights proceedings.[1] She contends that the circuit court erroneously exercised its discretion when it granted a default judgment finding *402 that grounds existed to terminate her parental rights, after barring her attorney from offering further evidence tending to refute the grounds for the termination. Additionally, she argues that the circuit court erred when it granted the default judgment prematurely.
¶ 2. Mable K. further argues that the remedy provided by the circuit court to address its errors is fundamentally unfair. The circuit court's remedy was to return Mable K. to the procedural posture when the error occurred and conduct the remainder of the fact-finding hearing before the circuit court, not before a jury.
¶ 3. We conclude, and the circuit court has acknowledged, that it erroneously exercised its discretion when it entered a default judgment finding that grounds existed to terminate Mable K.'s parental rights after barring her attorney from offering additional evidence. It also erred when it granted the default judgment before taking evidence sufficient to establish the grounds alleged in the amended petitions. We further conclude that the circuit court's remedy for correcting the errors is fundamentally unfair under the facts of this case.
¶ 4. Accordingly, we reverse and remand to the circuit court for a new fact-finding hearing to be heard by a jury if Mable K. timely demands one. On remand, the new fact-finding hearing is to be held at the earliest reasonable opportunity.
I
¶ 5. Dane County filed amended petitions for the termination of Mable K.'s parental rights of her children, Isaiah H. and May K. Dane County also sought to terminate the parental rights of the fathers of the children in the amended petitions. The amended petitions allege as grounds for termination of Mable K.'s *403 parental rights a continuing need of protection or services under Wis. Stat. § 48.415(2) (2009-10)[2] and abandonment under Wis. Stat. § 48.415(1).
¶ 6. Before the fact-finding hearing, the circuit court ordered Mable K. to appear in person at all proceedings.[3] She was represented by an attorney, Yolanda Lehner, at the fact-finding hearing which was being tried by a jury. On September 14, 2010, the second day of the fact-finding hearing, Mable K. failed to personally appear at 9:00 a.m. when the hearing was set to resume.[4] However, Attorney Lehner was present and appeared on her behalf.
¶ 7. When Mable K. failed to personally appear at the appointed time, the circuit court asked Attorney Lehner about Mable K.'s absence. Attorney Lehner stated that Mable K. had called as Attorney Lehner was arriving at the courthouse that morning. Mable K. told Attorney Lehner that she "wasn't feeling good" and that the hearing was extremely stressful. She also told Attorney Lehner that she didn't think she could come to court.
*404 ¶ 8. Dane County moved for a default judgment. Attorney Lehner requested another opportunity to speak with Mable K. about coming to court. Instead of granting a default judgment at that time, the circuit court recessed for five minutes in order to allow Attorney Lehner an opportunity to again contact Mable K.
¶ 9. When Attorney Lehner returned to court, she explained that she had spoken with Mable K. via telephone. Mable K. told Attorney Lehner that she was going to ride her bicycle to court and that she would be there in "about half an hour."
¶ 10. Attorney Lehner asked the circuit court to wait until "10 to 10," or 9:50 a.m., to see if Mable K. arrived. The circuit court agreed and took Dane County's motion under advisement to see whether Mable K. arrived in court later in the day. The hearing before the jury resumed, and testimony was presented addressing the petitions against the fathers.
¶ 11. At approximately 10:20 a.m., outside the presence of the jury, the circuit court again took up the matter of Mable K. being absent from court. Dane County renewed its motion for a default judgment. However, the attorney for Dane County noted that more evidence would be required to support the abandonment ground regarding both children before a default judgment could be entered. He expected a witness who could testify about that issue to arrive at 10:30 a.m. The circuit court acknowledged that it needed to hear additional testimony from Dane County's witness to establish the ground of abandonment before granting the motion for a default judgment finding that grounds existed to terminate Mable K.'s parental rights.[5]
*405 ¶ 12. In opposition to the renewed motion, Attorney Lehner argued that on the abandonment issue, she had "a lot of evidence." The evidence was, in Attorney Lehner's estimation, enough to make it "difficult for the County to prove abandonment."
¶ 13. Attorney Lehner asked whether she would be allowed to adduce that evidence, but the circuit court determined that she would not be allowed to do so. Instead she would be allowed only to cross-examine Dane County's sole witness in response to the direct evidence introduced by Dane County. The circuit court then heard testimony from the witness and Attorney Lehner cross-examined him.
¶ 14. Following the testimony from Dane County's witness, the circuit court "found by default" both grounds for termination. After making that determination, the circuit court found Mable K. unfit. There was no reference at the hearing to Wis. Stat. § 805.03, a statute that allows the circuit court to enter a sanction for the violation of a court order. In fact, the words "sanction" or "forfeiture" were not employed as part of the analysis (for further discussion, see infra ¶¶ 67-71).
¶ 15. Mable K. arrived in court approximately ten minutes later at 10:45 a.m. Outside the presence of the jury Attorney Lehner requested that the circuit court reconsider its previous entry of a default judgment finding that grounds existed to terminate Mable K.'s parental rights. The circuit court invited Mable K. to testify about why the circuit court should reconsider the default judgment.
*406 ¶ 16. Mable K. testified that she was "real kind of sick" from the previous day's "procedure." The proceedings from the previous day "really kind of hurt" her and she testified that she arrived late because "[she] was just tired." On cross-examination, Dane County introduced deposition testimony regarding inconsistent statements made by Mable K. about her marital status in previous termination proceedings. On further questioning from the circuit court, Mable K. testified that after the second phone call, she said she "had to get me some breakfast then I will be coming."
¶ 17. After Mable K. finished testifying, the circuit court considered whether it should vacate the default judgment. The circuit court questioned Mable K.'s credibility, citing the inconsistent statements Mable K. had made in prior depositions that were introduced during cross-examination by Dane County. The circuit court also discussed the morning's events and Mable K.'s testimony, where Mable K. had offered several "inconsistent" reasons for not appearing in person. Accordingly, the circuit court determined that Mable K. had introduced insufficient proof to support a finding that the default judgment should be vacated under Wis. Stat. § 806.07(l)(a), which allows relief from a judgment on grounds of mistake or excusable neglect.[6]
*407 ¶ 18. The circuit court then dismissed Mable K. and Attorney Lehner from the remainder of the fact-finding hearing. When the jury was brought back into court, it was instructed that Mable K. was no longer involved in the cases and that the claims against her had been resolved. The hearing before the jury continued, addressing the petitions against the fathers.
¶ 19. Before the dispositional hearing, Joyce Brown, a social worker with the Dane County Department of Human Services, filed a court report that recommended terminating Mable K.'s parental rights. According to the psychiatric evaluations referenced in that court report, Mable K. has "intellectual deficits" with a performance IQ of 60, and a full scale IQ of 54. The court report indicates that an IQ of 54 is "considered in the extremely low range."
¶ 20. The circuit court held a dispositional hearing on January 3, 2011. Mable K. personally appeared along with Attorney Lehner. The circuit court heard testimony from Joyce Brown regarding the best interests of the children. At the conclusion of the dispositional hearing, the circuit court entered an order terminating Mable K.'s parental rights.
¶ 21. Mable K. appealed following the dispositional hearing. Retaining jurisdiction, the court of appeals remanded the cases back to the circuit court and ordered the circuit court to hear and decide postdisposition motions.
*408 ¶ 22. At a postdisposition motion hearing on remand, Mable K. argued that the circuit court erroneously exercised its discretion by granting and refusing to vacate the default judgment finding that grounds existed to terminate her parental rights. She contended that the appropriate remedy for the erroneous exercise of discretion was a new fact-finding hearing.
¶ 23. Attorney Lehner offered testimony about the evidence she had intended to introduce at the fact-finding hearing. She testified that she did not think that Dane County could prove the abandonment ground. The amended petitions relating to both children alleged that Mable K. failed to visit or communicate with the children during a five-month period between December 17, 2009 and May 27, 2010. The amended petitions further alleged that there were two e-mail communications from Mable K. to the children's foster parent, but that both e-mail communications occurred more than three months after Mable K.'s last visit with the children on December 17, 2009.
¶ 24. To rebut the abandonment ground, Attorney Lehner intended to introduce e-mail correspondence and records of contacts between Mable K., the social workers involved in her case, and the children's foster parent. Contrary to the allegations in the amended petitions, these contacts suggest that Mable K. contacted the children's foster parent and social workers on a number of occasions during the period of the alleged abandonment.
¶ 25. The e-mail communications that Mable K. sent directly to the children's foster parent during the period of alleged abandonment were not two in number as stated in the amended petitions, but rather there were seven. Also contrary to the allegations of the amended petitions, the record indicates that there were *409 e-mails sent during — not after — the three-month period following Mable K.'s last visit with the children. The e-mails which Attorney Lehner intended to introduce were sent on January 21, 2010, March 1, 2010, March 31, 2010, April 22, 2010, April 29, 2010, May 5, 2010, and May 13, 2010. In those e-mail communications, Mable K. asked on several occasions about the children's lives, their experiences in school, how big the children were getting, and whether the foster parent could share any pictures of the children.
¶ 26. To further rebut the abandonment ground, Attorney Lehner intended to introduce e-mail correspondence and records of contacts between Mable K. and social workers involved in her case during the alleged period of abandonment. One such record notes that Mable K. left a voice message with a social worker on January 7, 2010, cancelling a contact scheduled for that date. Mable K. sent an e-mail to the same social worker on March 1, 2010 saying she no longer had a telephone and apologizing for her lack of response. Another record from March 10, 2010 notes that Mable K. called a social worker and asked whether she could "see her kids," but there is no indication such a visit occurred. An additional e-mail from a social worker sent on March 16, 2010 indicates that the social worker spoke on the telephone with Mable K. the previous day and that Mable K. said she "expect[ed] to get the kids back as she will have housing on the South side next month."
¶ 27. Attorney Lehner stated she intended to introduce the evidence to rebut the abandonment ground through cross-examination of "the social workers" or through Mable K.'s testimony directly. Nearly all of the e-mails were either directed to or copied to the social *410 worker, Joyce Brown. Attorney Lehner had previously listed Joyce Brown on her amended witness list before the fact-finding hearing.
¶ 28. Attorney Lehner further testified that she had intended to introduce evidence contesting the continuing need of protection or services ground. She thought that she could "make a case that [Mable K.] would meet the conditions [of the child in need of protection or services order] in the next nine months." Attorney Lehner testified that Mable K. "had an apartment lined up" and that the apartment evidence would make it likely that Mable K. would meet the conditions. In Attorney Lehner's opinion, the fact that Mable K. did not have a place to live "seemed to be the mainstay with getting her kids back."
¶ 29. Attorney Lehner thought that she had an additional defense to this ground, that is a "strong argument that the Department had not made reasonable efforts." She had intended to develop the argument that "it was almost set up so that [Mable K.] would fail. . .to meet the conditions she needed for return" by cross-examining Joyce Brown. Additionally, Attorney Lehner intended for Mable K. to testify regarding both of the anticipated defenses to the continuing need of protection or services ground.
¶ 30. In a later oral decision following the post-disposition motion hearing, the circuit court determined that it erroneously deprived Mable K. of her statutory right to an attorney provided under Wis. Stat. § 48.23(2). Citing State v. Shirley E., 2006 WI 129, 298 Wis. 2d 1, 724 N.W.2d 623, the circuit court acknowledged that it had erred when it barred Attorney Lehner from adducing evidence tending to refute the grounds alleged in the amended petitions. Dane County argued that there were no witnesses to present when Mable K. *411 was late on the second day of the fact-finding hearing, but the circuit court rejected that argument.[7] It concluded that Attorney Lehner "had evidence beyond [Mable K.]" and had "other witnesses on her witnesses list," stating:
I really think that [Mable K] should have had that opportunity to bring in these witnesses and, frankly, I don't know exactly what they would say but she had a right to at least present it.
Accordingly, the circuit court vacated its previous orders terminating Mable K.'s parental rights.
¶ 31. The circuit court determined that the appropriate remedy for the erroneous exercise of discretion was to return Mable K. to the procedural posture when the error occurred. That procedural posture was after Dane County had moved for a default judgment and its abandonment witness had testified outside the presence of the jury, but before the circuit court actually found by default that grounds existed to terminate Mable K.'s parental rights and found Mable K. unfit.[8] *412 Under the circuit court's remedy, any additional evidence Mable K. could offer would be to the court, not to a jury.
¶ 32. The cases returned to the court of appeals after the postdisposition motion hearing. While the cases were pending before the court of appeals, Dane County filed a motion for reconsideration with the circuit court concerning its findings at the postdisposition motion hearing.
¶ 33. The circuit court issued a written "response" to the motion for reconsideration, indicating that it would be inclined to amend portions of its oral decision on remand if the court of appeals allowed it to do so. However, the circuit court concluded that it lacked the authority to act while the cases were pending before the court of appeals.
¶ 34. After the circuit court issued its written "response," the court of appeals issued an order remanding the cases to the circuit court in order to address Dane County's motion. The court of appeals reasoned that there was little point in reviewing a circuit court order that the circuit court itself no longer believed was the correct outcome.
¶ 35. On remand to address Dane County's reconsideration motion, the circuit court reaffirmed its earlier oral findings in a written decision. The circuit court concluded that the order terminating Mable K.'s parental rights would remain vacated, "with the expectation that this court will decide at an evidentiary hearing whether grounds exist to establish termination of [Mable K.'s] parental rights," at which time Mable K. could present evidence "contrary to default."
¶ 36. Following the circuit court's written decision, the cases returned to the court of appeals. In an order issued on December 21, 2011, the court of appeals *413 sua sponte questioned what to do with the appeals, tentatively concluding that no appeal existed as of right and that it would not be inclined to take up the appeals on a discretionary basis. However, the court of appeals invited additional briefing on the matter.
¶ 37. After additional briefing, the court of appeals issued an order on January 11, 2012 dismissing the appeals. The court of appeals relied on the analysis contained in its December 21, 2011 order.
II
¶ 38. In these cases, we are called upon to examine whether the circuit court erroneously exercised its discretion in entering a default judgment against Mable K.[9] We are asked to first determine whether it was an erroneous exercise of discretion to grant a default judgment finding that grounds existed to terminate *414 Mable K.'s parental rights after the circuit court barred Attorney Lehner from adducing evidence tending to refute the allegations in the amended petitions. We are further called to determine whether the circuit court erroneously exercised its discretion in granting the default judgment before establishing the grounds alleged in the amended petitions.
¶ 39. A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach. Schneller v. St. Mary's Hosp. Med. Ctr., 162 Wis. 2d 296, 306, 470 N.W.2d 873 (1991). Ultimately our determination rests here on an examination of whether the circuit court applied proper standards of law when it granted the default judgment. We review questions of law independent of the determinations rendered by the circuit court and the court of appeals.
¶ 40. If we determine that the circuit court erroneously exercised its discretion in granting a default judgment finding that grounds existed to terminate Mable K.'s parental rights, we must then examine whether the circuit court's remedy is fundamentally fair under these facts. See Sheboygan Cnty. Dep't of Health & Human Servs. v. Julie A.B., 2002 WI 95, ¶ 22, 255 Wis. 2d 170, 648 N.W.2d 402. Whether a circuit court has provided a parent in a termination of parental rights proceeding fundamentally fair procedures also presents a question of law that we review independent of the determinations of the circuit court and court of appeals. See Monroe Cnty. Dep't of Human Servs. v. Kelli B., 2004 WI 48, ¶¶ 16, 27, 271 Wis. 2d 51, 678 N.W.2d 831.
¶ 41. We address each issue in turn.
*415 III
¶ 42. We first consider whether the circuit court erroneously exercised its discretion when it entered a default judgment finding that grounds existed to terminate Mable K.'s parental rights. Specifically, Mable K. contends that the circuit court erroneously exercised its discretion in granting the default judgment after it deprived her of her statutory right to an attorney under Wis. Stat. § 48.23(2).[10] She further contends that the circuit court erroneously exercised its discretion when it granted the default judgment before taking evidence sufficient to establish the grounds alleged in the amended petitions.
¶ 43. The circuit court acknowledged that it erred when it barred Mable K. from presenting further evidence. Citing Shirley E., the circuit court determined that Attorney Lehner should have been allowed to present evidence tending to refute the allegations in the amended petitions to terminate Mable K.'s parental rights. Likewise, Dane County agreed at oral argument before this court that the circuit court committed error in not allowing Attorney Lehner to adduce additional evidence. We begin our analysis by examining Shirley E.
*416 ¶ 44. The Shirley E. court addressed the question of whether a circuit court may deny a parent the statutory right to an attorney when the parent appeared in the proceeding but failed to personally attend the hearing in contravention of a court order. 298 Wis. 2d 1, ¶ 2. Shirley E., a parent, failed to personally attend an initial plea hearing in a termination of parental rights proceeding. Id., ¶ 11. The circuit court rescheduled the hearing so the State could obtain service on Shirley E. and arrange for the appointment of an attorney. Id.
¶ 45. At the rescheduled hearing, Shirley E.'s recently-appointed attorney appeared in person, but Shirley E. did not. Id., ¶ 12. The circuit court allowed Shirley E. to appear by telephone at her attorney's request. Id. The State asked the circuit court to enter a default judgment against Shirley E., but the circuit court instead ordered Shirley E. to appear in person at the next hearing and warned her that if she did not appear personally, the circuit court would enter a default judgment against her. Id. The hearing was adjourned and rescheduled again. Id.
¶ 46. Shirley E. failed to personally appear at the rescheduled hearing. Id., ¶ 13. The circuit court entered a default judgment as a sanction for her failure to obey the court order that Shirley E. appear in person. Id. However, the circuit court indicated that it would entertain a motion to vacate the default judgment if Shirley E. appeared in person, and again adjourned the matter. Id., ¶ 15.
¶ 47. When Shirley E. failed to appear personally at the next hearing, the circuit court dismissed her attorney from the proceeding. Id., ¶ 16. The circuit court proceeded to hold hearings in both phases of the proceeding without Shirley E. or her attorney present and terminated Shirley E.'s parental rights. Id., ¶ 18.
*417 ¶ 48. Parents have a statutory right to representation by an attorney under Wis. Stat. § 48.23(2). The Shirley E. court concluded that the statutory right to an attorney is not limited to parents who appear in person at court proceedings. 298 Wis. 2d 1, ¶ 43. A parent's attorney may act on behalf of a parent who does not appear in person. Id., ¶ 46.
¶ 49. The Shirley E. court further concluded that a parent's statutory right to an attorney is preserved even after the entry of a default judgment. Id., ¶ 56. Parents in termination of parental rights proceedings have a statutory right to be heard through an attorney in "a meaningful time and in a meaningful manner."[11] Id., ¶ 52.
¶ 50. Accordingly, Mable K.'s statutory right to an attorney did not expire when she did not arrive in court on time. Attorney Lehner could act on her behalf at the fact-finding hearing whether or not Mable K. personally appeared.
*418 ¶ 51. We agree with the parties and the circuit court that the circuit court erroneously exercised its discretion when it entered a default judgment against Mable K. finding that grounds existed to terminate her parental rights after depriving her of her statutory right to an attorney under Wis. Stat. § 48.23(2). In these cases, Attorney Lehner requested an opportunity to be heard and told the circuit court that she possessed "a lot of evidence" on the issue of abandonment, which she thought would make it "difficult for [Dane County] to prove abandonment" if she were allowed to enter it into the record. She later testified that she had intended to introduce additional evidence tending to refute the allegations of continuing need of protection or services. However, the circuit court refused to allow Attorney Lehner any opportunity to adduce that evidence.[12]
¶ 52. We turn next to address whether the circuit court erroneously exercised its discretion in entering the default judgment finding that grounds existed to terminate Mable K.'s parental rights before taking evidence sufficient to establish the grounds alleged in the amended petitions. We look to Evelyn C.R. v. Tykila S., 2001 WI 110, 246 Wis. 2d 1, 629 N.W.2d 768 for guidance.
*419 ¶ 53. In Evelyn C.R., a child's biological mother failed to appear in person at a fact-finding hearing. 246 Wis. 2d 1, ¶ 8. Because the issue was to be tried before a jury, the circuit court expressed apprehension about holding the hearing without the mother's physical presence. Id. The parties rescheduled the fact-finding hearing for a later date. Id.
¶ 54. There is no indication that the fact-finding hearing before a jury ever commenced. Instead, when the mother failed to appear in person a second time, the petitioner moved for a default judgment at the rescheduled hearing. Id., ¶ 9. The circuit court granted the petitioner's motion, found the mother unfit based on the allegations in the petition, and scheduled the case for a dispositional hearing. Id.
¶ 55. The Evelyn C.R. court concluded that circuit courts have a duty at the fact-finding hearing to find, by clear and convincing evidence, that all of the elements of the allegations in the petition have been met before granting a default judgment against a parent. Id., ¶ 24. The duty to establish grounds is "independent" of the circuit court's authority to grant a default judgment. Id., ¶¶ 25-26.
¶ 56. In refusing to hear Attorney Lehner's additional evidence before entering a default judgment finding that grounds existed to terminate Mable K.'s parental rights, the circuit court put the cart before the horse. The circuit court could not make a decision based on clear and convincing evidence having heard only one side's version of the facts when the other side was requesting an opportunity to offer evidence that could defeat the allegations in the amended petitions. See Evelyn C.R., 246 Wis. 2d 1, ¶ 26.
*420 ¶ 57. Accordingly, we also conclude that the circuit court erroneously exercised its discretion when it entered the default judgment finding that grounds existed to terminate Mable K.'s parental rights before establishing the grounds alleged in the amended petitions by clear and convincing evidence.
IV
¶ 58. We turn now to examine the remedy for the errors. The circuit court concluded that the appropriate remedy would be to return Mable K. procedurally to the time of the error. The circuit court's remedy would place Mable K. after the testimony from Dane County's abandonment witness had been taken outside the presence of the jury, just before the circuit court entered the default judgment finding that grounds existed to terminate Mable K's parental rights. The circuit court further determined that Mable K. would be permitted to adduce additional evidence, but before the circuit court, not before a jury.
¶ 59. Terminating parental rights works a "unique kind of deprivation." M.L.B. v. S.L.J., 519 U.S. 102, 118 (1996). A parent's interest in the "accuracy and justice of the decision ... is ... a commanding one." M.L.B., 519 U.S. at 118 (quoting Lassiter v. Dep't of Soc. Servs. of Durham Cnty., 452 U.S. 18, 27 (1981)). Although "the best interests of the child" standard set forth in Wis. Stat. § 48.01(1) is a matter of paramount consideration in a termination proceeding, it does not dominate every stage of the proceeding. The statutes carefully balance the interests of all participants including those of the parents. Wis. Stat. § 48.01(1). The "best interests of the *421 child" standard does not dominate until the parent has been found unfit. As this court stated in Julie A.B.:
Wisconsin Stat. § 48.01(1) provides in part: "In construing this chapter, the best interests of the child.. .shall always be of paramount consideration." (citations omitted.)
Notwithstanding this broad language, the "best interests of the child" standard does not dominate every step of every proceeding, because other vital interests must be accommodated. When the government seeks to terminate parental rights, the best interests of the child standard does not "prevail" until the affected parent has been found unfit pursuant to Wis. Stat. § 48.424(4).
255 Wis. 2d 170, ¶¶ 21-22.
¶ 60. During the fact-finding phase, "the parent's rights are paramount." Id., ¶ 24 (quoting Evelyn C.R., 246 Wis. 2d 1, ¶ 22). Thus, parents in the fact-finding phase of termination of parental rights proceedings require heightened legal safeguards to prevent erroneous decisions. Shirley E., 298 Wis. 2d 1, ¶ 24.
¶ 61. One of the purposes of Chapter 48, the Children's Code, is to provide for procedures through which all interested parties are assured fair hearings that enforce their legal rights. Wis. Stat. § 48.01(l)(ad). The legislature intended to be expansive in its according of legal rights to parents. Shirley E., 298 Wis. 2d 1, ¶ 43. Therefore, parents must be provided with fundamentally fair procedures. See Julie A.B., 255 Wis. 2d 170, ¶ 22 (quoting Santosky v. Kramer, 455 U.S. 745, 753 (1982)).
¶ 62. There are problems inherent in restarting the half-completed hearing that render the circuit *422 court's remedy fundamentally unfair. To begin, the jury is gone and a new one cannot be empaneled halfway through the fact-finding hearing, years after the first portion of the fact-finding hearing occurred.
¶ 63. Another problem with restarting the half-completed fact-finding hearing is that Mable K. will require another appointed attorney on remand. The new attorney will be stuck defending Mable K. on a record where the circuit court has twice found her not to be a credible witness. The circuit court's remedy sets the newly appointed attorney, and by extension Mable K., up to fail because the attorney would be restricted to arguing against a default judgment that the circuit court has previously granted.[13]
¶ 64. In essence, restarting the half-completed fact-finding hearing shifts the burden to Mable K. to prove that she is not an unfit parent. Under the circuit court's remedy, Mable K. would be forced to rebut Dane County's case from a hearing that is now approximately two years old. The circuit court's remedy conflicts with the requirement that the government bears the burden to show that grounds exist for the termination of parental rights, and that the parent should have a "full complement of procedural rights." Julie A.B., 255 Wis. 2d 170, ¶ 24.
¶ 65. Holding the remainder of the fact-finding hearing before the circuit court also appears contrary to the heightened safeguards envisioned by the legislature for termination of parental rights proceedings. Wisconsin Stat. §§ 48.31(2) and 48.424(2) provide Mable K. with a statutory right to a jury trial if she properly *423 demands one.[14] None of the parties dispute that Mable K. properly demanded a jury for the fact-finding hearing addressing the grounds for termination. Yet the circuit court's remedy would take away that right.
¶ 66. The record is unclear as to what authority the circuit court employed in denying the statutory right to a jury. There is nothing in the record to suggest that Mable K. waived her right to a jury. The circuit court's grant of a default judgment cannot be a default judgment entered under Wis. Stat. § 806.02(5), which allows for a default judgment for non-appearance at trial. Mable K. appeared personally at the first day of the fact-finding hearing and Attorney Lehner appeared on her behalf on the day she was late for court. Furthermore, no other provisions of the default judgment statute apply because Mable K. appeared in the action and fully participated until she was late on the second day of the fact-finding hearing.
¶ 67. Arguably, the circuit court could have determined that the statutory right to a jury was forfeited and granted a default judgment as a sanction for violation of a court order pursuant to Wis. Stat. § 805.03.[15] The record, however, is unclear. That statute was never cited by the circuit court or any attorney.
*424 ¶ 68. In fact, the words "sanction" or "forfeiture" are nowhere to be found in the transcripts of the fact-finding hearing or postdisposition motion hearing as they relate to Mable K. When asked at oral argument whether the record shines any light on our inquiry into the procedures employed by the circuit court when it entered the default judgment finding that grounds existed to terminate Mable K.'s parental rights, Dane County admitted that the record was "murky," despite the fact that the attorney for Dane County had "read [the transcript] over twenty times."
¶ 69. Even if the circuit court determined that Mable K. forfeited her right to a jury and granted a default judgment as a sanction, Wis. Stat. § 805.03 limits the sanctions that a circuit court may impose for failure to comply with court orders to those that are "just." See also Indus. Roofing Servs., Inc. v. Marquardt, 2007 WI 19, ¶ 43, 299 Wis. 2d 81, 726 N.W.2d 898. In order for a sanction dismissing a civil case to be "just," the noncomplying party must act "egregiously or in bad faith." Id.; Schneller v. St. Mary's Hosp. Med. Ctr., 162 Wis. 2d 296, 311-12, 470 N.W.2d 873 (1991). The Shirley E. court applied that requirement to default judgments at fact-finding hearings in termination of parental rights proceedings. 298 Wis. 2d 1, ¶ 13 n.3.
¶ 70. Where a circuit court concludes that a party's failure to follow court orders, though uninten *425 tional, is "so extreme, substantial and persistent" that the conduct may be considered egregious, the circuit court may make a finding of egregiousness. Hudson Diesel, Inc. v. Kenall, 194 Wis. 2d 531, 543, 535 N.W.2d 65 (Ct. App. 1995). Conversely, a party may also act in bad faith, which by its nature cannot be unintentional conduct. Id. To find that a party acts in bad faith, the circuit court must find that the noncomplying party "intentionally or deliberately" delayed, obstructed, or refused to comply with the court order. Id.
¶ 71. Although the circuit court at the postdisposition motion hearing described Mable K.'s conduct as egregious and in bad faith in retrospect, it made no reference to egregiousness or bad faith when the default judgment finding that grounds existed to terminate Mable K.'s parental rights was granted. Likewise, there was no analysis as to whether Mable K.'s conduct was "extreme, substantial and persistent." Hudson Diesel, 194 Wis. 2d at 543. Any analysis of whether Mable K.'s conduct "intentionally or deliberately" delayed, obstructed, or refused to obey the court order is also absent from the record.[16] Id. Had the record clearly indicated that the default was imposed as a sanction, then our analysis would be different.
¶ 72. Under these facts, the only fundamentally fair remedy is a new fact-finding hearing. A new fact-finding hearing honors the intent of the legislature by providing Mable K. with heightened legal safeguards. *426 Shirley E., 298 Wis. 2d 1, ¶ 24. It provides Mable K. with the only remedy that can assure a fair hearing that recognizes and enforces Mable K.'s statutory rights to an attorney and to a jury. See Wis. Stat. § 48.01(l)(ad).
¶ 73. Additionally, a new fact-finding hearing avoids the problems discussed above that are inherent in trying to renew the fact-finding hearing in midstream. A new jury may be empaneled if Mable K. chooses to demand one. Her new attorney may act on her behalf unfettered by the events of the first part of the fact-finding hearing that occurred approximately two years in the past. Unlike the circuit court's remedy, a new fact-finding hearing places the burden on Dane County to prove the allegations in the amended petitions. We therefore conclude that the circuit court's remedy is fundamentally unfair here.
V
¶ 74. In sum, we reverse and remand for a new fact-finding hearing. We conclude, and the circuit court has acknowledged, that it erroneously exercised its discretion when it entered a default judgment finding that grounds existed to terminate Mable K.'s parental rights after barring her attorney from offering additional evidence. It also erred when it granted the default judgment before taking evidence sufficient to establish the grounds alleged in the amended petitions. We further conclude that the circuit court's remedy for correcting the errors is fundamentally unfair under the facts of this case.[17]
¶ 75. Accordingly, we reverse and remand to the circuit court for a new fact-finding hearing to be heard *427 by a jury if Mable K. timely demands one. On remand, the new fact-finding hearing is to be held at the earliest reasonable opportunity.
By the Court. — The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for a new fact-finding hearing.

 Dane Cnty. Dep't of Human Servs. v. Mable K, Case Nos. 2011AP825, 2011AP826, unpublished slip op. (Wis. Ct. App., Jan. 11, 2012), dismissing Mable K.'s appeals after an order of the circuit court for Dane County, Amy Smith, J. presiding, vacated its previous order terminating her parental rights.

 All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

 Termination of parental rights proceedings involve a two-step procedure. State v. Shirley E., 2006 WI 129, ¶ 26, 298 Wis. 2d 1, 724 N.W.2d 623. The first step is the fact-finding phase, which consists of an evidentiary hearing to determine whether adequate grounds exist for the termination of parental rights. Wis. Stat. § 48.424; Shirley E., 298 Wis. 2d 1, ¶ 27. The second step is the dispositional phase, which consists of an evidentiary hearing in which the circuit court determines whether termination of parental rights is in the child's best interests. See Wis. Stat. § 48.427; Shirley E., 298 Wis. 2d 1, ¶ 28.

 Mable K. was present for the first day of the fact-finding hearing. Additionally, there were eight pre-trial proceedings held by the circuit court prior to the fact-finding hearing and there is no indication that Mable K. failed to appear on time for any of those proceedings.

 This court determined in Evelyn C.R. v. Tykila S., 2001 WI 110, ¶¶ 16-19, 246 Wis. 2d 1, 629 N.W.2d 768, that a circuit court must first take evidence sufficient to support a finding by *405 clear and convincing evidence that the ground or grounds alleged in the petition were proven before granting a default judgment on the grounds at issue. The circuit court did not reference Evelyn C.R. directly, but in acknowledging that it needed to hear additional testimony, it appears to have been aware of that requirement.

 The record from the hearing on the motion to vacate the default judgment reflects that the motion was advanced and decided pursuant to Wis. Stat. § 806.07(l)(a). The record reflects the following:
I infer from the information that [Mable K.] has provided and the comments made by Ms. Lehner that we are, that [Mable K.] is seeking the Court to vacate the default judgment based on mistake or excusable neglect or something of that nature. . . .
I also would note that I do not believe that the testimony of [Mable K.], even taken in the light most favorable to [her], could possibly constitute excusable neglect. [Mable K.] has indicated that for — on *407 the record as to a number of different possible excuses for her failure to appear here today. I do not believe that any of them constitute mistake or excusable neglect as those terms are defined in Section 806.07(l)(a)....
I also will find that the information that I have is insufficient to make a finding that judgment or order of default should he relieved under 806.07 and I, therefore, deny the motion to relieve [Mable K.] from default judgment. I've ruled in that regard.

 The dissent makes the same argument that there were no witnesses to present but ignores that the circuit court soundly rejected that argument. Dissent, ¶ 110 n.ll.
Additionally, Attorney Lehner acknowledged that although she could not call Mable K. if Mable K. was not present for the second day of the fact-finding hearing, she "wouldn't have put [her] case on probably until the next day anyway." Contrary to the arguments of the dissent, the record indicates that not only were there witnesses to present, but that the parties had already scheduled them to testify.

 This case presents legal questions for our determination. In an apparent attempt to obfuscate the legal issues, much of the dissent's "family background" discussion seemingly is designed to malign Mable K.'s fitness as a parent — which is not an issue before us. The dissent seems to be advancing that we should somehow evaluate the law differently because of Mable K.'s family background.

 Mable K. additionally argues that the circuit court erroneously exercised its discretion in granting a default judgment because her conduct was not egregious or in bad faith and because Wis. Stat. § 806.07(l)(h), which allows relief from a judgment for "[a]ny other reasons justifying relief from the operation of the judgment," required the circuit court to vacate the default judgment. Because we conclude that entering a default judgment was an erroneous exercise of discretion on other grounds, we need not address whether granting a default judgment was an erroneous exercise of discretion for those reasons.
In accepting the petition for review, we ordered the parties to brief the issue of whether the circuit court's decision to vacate its previous order terminating Mable K.'s parental rights constitutes a final order for the purposes of appeal. However, we likewise need not decide that issue. Having accepted the petition for review, determining the exact implications of the circuit court's actions on the status of these appeals is not necessary to the resolution of this case.

 Wisconsin Stat. § 48.23(2) provides the following:
(2) Whenever a child is the subject of a proceeding involving a contested adoption or the involuntary termination of parental rights, any parent under 18 years of age who appears before the court shall be represented by counsel; but no such parent may waive counsel. Except as provided in sub. (2g), a minor parent petitioning for the voluntary termination of parental rights shall be represented by a guardian ad litem. If a proceeding involves a contested adoption or the involuntary termination of parental rights, any parent 18 years old or older who appears before the court shall be represented by counsel; but the parent may waive counsel provided the court is satisfied such waiver is knowingly and voluntarily made.

 The dissent appears to conclude that a parent cannot be denied her statutory right to an attorney unless the court bars the parent from participating "before any evidence [is] presented" and remains barred throughout an entire trial. Dissent, ¶ 127. It seems to ignore entirely the actual reasoning of this opinion and that of the circuit court, which is that the circuit court erroneously cut off Attorney Lehner before she could put in her case.
The dissent's analysis would unreasonably expand the holding of Shirley E. by implying that a parent's participation is meaningful except when the parent is entirely barred from participating at trial. See id.

 Dane County cites to an unpublished court of appeals opinion, State v. Laura M., Nos. 2011AP2825, 2011AP2828, 2011AP2826, 2011AP2827, unpublished slip op. (Ct. App. March 27, 2012), in support of the argument that because Mable K. was not present to testify, Attorney Lehner could not adduce any other evidence. However, Dane County ignores that in Laura M., the circuit court specifically asked whether the parent's attorney wished to call any witnesses and the attorney declined the opportunity. Id., ¶ 42. In these cases, Attorney Lehner was never asked if she had any other evidence, and when she asked for an opportunity to present additional evidence, the circuit court denied her request.

 By setting any new attorney up to fail, the circuit court's remedy defies the principle that the statutory right to counsel includes the right to effective counsel. See Shirley E., 298 Wis. 2d 1, ¶¶ 36-39 (quoting A.S. v. State, 168 Wis. 2d 995, 1003, 485 N.W.2d 52 (1992)).

 Wisconsin Stat. § 48.31(2) provides that a fact-finding hearing shall be to the court "unless the ... child's parent. .. exercises the right to a jury trial by demanding a jury trial at any time before or during the plea hearing." Wisconsin Stat. § 48.424(2) additionally provides that fact-finding hearings in termination of parental rights proceedings "shall be conducted according to the procedure specified in s. 48.31. ..."

 Wisconsin Stat. § 805.03 states the following:
For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including *424 but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

 The dissent appears to conclude that Mable K.'s conduct was "egregious" in failing to timely appear in court on the second day of the fact-finding hearing. Dissent, ¶ 1. As we previously stated, we need not and do not address the egregious conduct argument. See supra note 8.

 If grounds for termination are found and Mable K. is determined to be unfit at the fact-finding hearing, the matter will then proceed to a dispositional hearing.