**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 29, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1025**

STATE OF WISCONSIN

Cir. Ct. No. 2022TP61

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO E.D.C.D., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

  V.

C.D.,

       RESPONDENT-APPELLANT.

       APPEAL from an order of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Reversed and cause remanded for further proceedings.*

¶1 DONALD, P.J.[1] C.D. appeals an order terminating her parental rights to her daughter, E.D.C.D. On appeal, C.D. argues that the circuit court erroneously exercised its discretion when the court: (1) entered a default judgment against C.D.; (2) denied C.D.'s request for new counsel; and (3) denied C.D.'s request to proceed with counsel of her choice. For the reasons discussed below, I conclude that the circuit court erroneously exercised its discretion in entering a default judgment against C.D. Accordingly, I reverse the order terminating C.D.'s parental rights and remand to the circuit court for further proceedings. As I am reversing the order terminating C.D.'s parental rights based on the entry of the default judgment, I do not reach C.D.'s other issues.

## BACKGROUND

¶2 Relevant to this appeal, on March 25, 2022, the State filed a petition seeking to terminate C.D.'s parental rights to E.D.C.D. The petition alleged that E.D.C.D. was a child in continuing need of protection or services (CHIPS), and that C.D. had failed to assume parental responsibility.

¶3 On April 19, 2022, C.D. appeared without counsel for an initial hearing on the petition. The circuit court advised C.D. that she had a right to counsel and referred her to the public defender's office to see if she qualified for an attorney. The circuit court ordered that C.D. appear at all future court dates, and informed her that if she did not appear that she could be found in default and thereby waive her right to contest the petition.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4     On May 11, 2022, C.D. appeared without counsel. The circuit court indicated that the public defender's office did not have any record of C.D. completing the paperwork for an attorney. C.D. informed the court that she had left two messages for the public defender's office and spoke to a woman named Debra who kept "calling back and saying they need more time[.]" A recess was taken for C.D. to call the public defender's office.

¶5     After the recess, C.D. informed the court that she qualified for an attorney. C.D.'s case manager indicated that on April 22, she offered to call the public defender's office for C.D., but C.D. declined the offer because she was going to try to get her own attorney. C.D. explained that she did reach out to an attorney, but that he was no longer in the state. The court set the case for an adjourned hearing on the petition, status of counsel, and a scheduling conference. The court ordered that C.D. appear at all court dates, and informed her that if she did not appear she could be found in default and to have waived her right to contest the petition.

¶6     At the next hearing, on June 27, 2022, appointed counsel for C.D. appeared. C.D. did not appear, and the State moved for a default judgment. Trial counsel objected. Trial counsel stated that she had been in contact with C.D., and had met with C.D. in her office. Trial counsel indicated that she did not know why C.D. was not present in court, and asked the court for an adjournment. The circuit court granted the State's request for a default judgment. The court explained that C.D. was in default for failure to join and failure to follow court orders. After taking testimony from case manager N.J., the circuit court found that the State had presented sufficient evidence to support the grounds for termination and found C.D. unfit.

¶7    A dispositional hearing commenced on November 29, 2022.[2] During the testimony, C.D. asked whether she could represent herself or have a new attorney.  The circuit court denied C.D.'s request.

¶8    On February 22, 2023, the dispositional hearing resumed.  At the start of the hearing, trial counsel informed the court that C.D. was again requesting a new attorney.  Trial counsel explained that C.D. had contacted another attorney to represent her.  C.D. told trial counsel that the attorney had another hearing, but may be available by phone.  The circuit court denied the request noting that the attorney did not contact the court to indicate that he was retained and that C.D. should have obtained an attorney earlier.

¶9    After the conclusion of evidence, the court found that it was in the best interests of E.D.C.D. that C.D.'s parental rights be terminated.  This appeal follows.

**DISCUSSION**

¶10    On appeal, C.D. argues that the circuit court erroneously exercised its discretion when the court:  (1) entered a default judgment against C.D.; (2) denied C.D.'s request for new counsel; and (3) denied C.D.'s request to proceed with counsel of her choice.

¶11    "A parent's interest in the parent-child relationship and in the care, custody, and management of his or her child is recognized as a fundamental liberty interest protected by the Fourteenth Amendment."  *Steven V. v. Kelley H.*, 2004

---

[2] The dispositional hearing was originally scheduled for October 17, 2022, but was adjourned for C.D. to consult with her attorney.

WI 47, ¶22, 271 Wis. 2d 1, 678 N.W.2d 856. Termination of parental rights adjudications "are among the most consequential of judicial acts, involving as they do 'the awesome authority of the State to destroy permanently all legal recognition of the parental relationship.'" *Id.*, ¶21 (citation omitted). Thus, "[t]ermination proceedings require heightened legal safeguards against erroneous decisions." *State v. Bobby G.*, 2007 WI 77, ¶63, 301 Wis. 2d 531, 734 N.W.2d 81.

¶12 A circuit court has both inherent authority and statutory authority to impose sanctions on a parent who fails to obey a court order. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶17, 246 Wis. 2d 1, 629 N.W.2d 768. When a parent fails to comply with a court order, a court may enter a default judgment against the parent. *Id.* A default judgment, however, may only be entered if the court finds that the non-complying parent acted "egregiously" or in "bad faith." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶69, 346 Wis. 2d 396, 828 N.W.2d 198 (citations omitted).

¶13 "Egregious conduct is conduct that, although unintentional, is 'extreme, substantial, and persistent.'" *See Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶14, 265 Wis. 2d 703, 666 N.W.2d 38 (citation omitted). Bad faith is generally intentional or deliberate conduct. *See Hudson Diesel, Inc. v. Kenall*, 194 Wis. 2d 531, 543, 535 N.W.2d 65 (Ct. App. 1995) (stating that a circuit court must find bad faith if a party intentionally or deliberately delays, obstructs, or refuses a discovery demand). Given that a default judgment terminates litigation without regard to the merits of the claim, "a circuit court should impose it as a sanction only when a harsh sanction is necessary." *Brandon Apparel Grp., Inc. v. Pearson Props., Ltd.*, 2001 WI App 205, ¶11, 247 Wis. 2d 521, 634 N.W.2d 544.

¶14 A circuit court's decision to impose a default judgment is reviewed for an erroneous exercise of discretion. *See Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898. "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Mable K.*, 346 Wis. 2d 396, ¶39.

¶15 In this case, the circuit court did not explicitly indicate whether it was finding that C.D.'s conduct was egregious or in bad faith. The State argues that the circuit court properly granted a default judgment against C.D. because her conduct was egregious and in bad faith. I disagree.

¶16 C.D.'s conduct leading to the circuit court's default determination was not egregious. A single missed appearance for a pre-trial hearing does not rise to the level of egregious conduct. Missing a single court appearance is simply not "extreme, substantial and persistent" conduct. *See Teff*, 265 Wis. 2d 703, ¶14. Nor does the record demonstrate that C.D.'s absence was in bad faith. *See Hudson*, 194 Wis. 2d at 543.

¶17 The State and Guardian ad Litem also note that C.D. did not have an attorney at the second hearing. However, as they acknowledge, C.D. obtained appointed counsel at that hearing, and appointed counsel appeared at the next hearing. Once again, based on the record, I am not persuaded that C.D.'s conduct in this respect constitutes "extreme, substantial and persistent" conduct or bad faith.

¶18 Thus, I conclude under the particular facts in this case that the circuit court's decision to default C.D. in the grounds phase constituted an erroneous exercise of discretion. As our supreme court has previously observed, a "default

judgment is the ultimate sanction. The law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues." ***Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.***, 2002 WI 66, ¶64, 253 Wis. 2d 238, 646 N.W.2d 19. C.D.'s conduct in this case was simply not enough to justify the harsh sanction of a default judgment.

¶19 Accordingly, I reverse the order terminating C.D.'s parental rights and remand to the circuit court for further proceedings. As I am reversing the order terminating C.D.'s parental rights based on the entry of the default judgment, I do not reach C.D.'s other issues. *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (stating that appellate courts should decide cases on the narrowest possible grounds).

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7