COURT OF APPEALS
DECISION
DATED AND FILED

**December 7, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2021AP1146**
**2021AP1147**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2019TP13**
**2019TP14**

**IN COURT OF APPEALS**
**DISTRICT I**

---

APPEAL NO. 2021AP1146

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C.P., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

A.P.,

RESPONDENT-APPELLANT.

---

APPEAL NO. 2021AP1147

IN RE THE TERMINATION OF PARENTAL RIGHTS TO P.P., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

**V.**

**A.P.,**

RESPONDENT-APPELLANT.

---

APPEALS from orders of the circuit court for Milwaukee County: LAURA CRIVELLO, Judge. *Affirmed*.

¶1      DONALD, P.J.[1] A.P. appeals the orders of the trial court terminating his parental rights to his children, C.P. and P.P.  A.P. contends that the trial court erroneously exercised its discretion at the dispositional hearing when it denied guardianship to the paternal grandmother, S.I.  In addition, A.P. contends that the orders terminating his parental rights should be vacated in the interest of justice.  We disagree and affirm.

## BACKGROUND

¶2      C.P. was born on October 10, 2015.  P.P. was born on November 12, 2016.  A.P. is their biological father and T.T. is their biological mother.

¶3      On July 16, 2017, C.P. and P.P. were detained and placed in out of home care after they were found covered in feces sitting in car seats on the front porch of a home without any adult supervision.  At that time, A.P. was in custody stemming from three separate domestic violence related incidents wherein A.P. abducted C.P. and later kidnapped and battered T.T.  At the time of removal, the

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

2

Division of Milwaukee Child Protective Services (DMCPS) noted that the children were placed in a foster home because there were no appropriate relatives available.

¶4    On January 23, 2019, the State filed petitions to terminate A.P.'s parental rights to C.P. and P.P.[2]  The petitions alleged failure to assume parental responsibility and that the children were in continuing need of protection or services (continuing CHIPS).

¶5    Throughout the proceedings, the paternal grandmother, S.I. expressed interest in taking C.P. and P.P. and sought a guardianship.  According to DMCPS, S.I. initially was not found to be an appropriate placement because she had a history with CPS, a criminal record, and minimized the domestic abuse by A.P.  Subsequently, S.I. went through a rehabilitation process and obtained a foster care license; however, by that time, C.P. and P.P. had been with the foster parents and adoptive resource, S.D. and R.D., for approximately two years.  Thus, DMCPS believed that it was in the best interests of C.P. and P.P. to remain with S.D. and R.D.

¶6    On January 13, 2020, A.P. entered a no contest plea to the failure to assume parental responsibility ground.  In support of the plea, testimony was taken from the ongoing case manager.  The trial court found that A.P. was unfit.

¶7    Starting on October 6, 2020 and continuing over the course of four different dates, testimony was taken pertaining to both the dispositional phase of the termination of parental rights proceeding and the guardianship.

---

[2] The petitions also sought to terminate T.T.'s parental rights.  T.T's parental rights are not at issue in this appeal.

¶8 On December 10, 2020, after hearing from numerous witnesses, including S.I., the trial court issued a decision. The court found that it was in C.P. and P.P.'s best interests to terminate A.P.'s parental rights. In addition, the court denied S.I.'s request for a guardianship. These appeals follow. Additional relevant facts will be referenced below.

## DISCUSSION

¶9 A.P. contends that "[t]he trial court erroneously exercised its discretion by denying guardianship to [S.I.] as a dispositional option to the termination of parental rights." In response, both the State and the Guardian *ad Litem* (GAL) argue that the trial court properly exercised its discretion.

¶10 At a dispositional hearing, the trial court is required to focus on what is in the child's best interests. WIS. STAT. § 48.426(2); *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶28, 255 Wis. 2d 170, 648 N.W.2d 402. "A [trial] court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶11 A.P. alleges that the "trial court's decision provides no reasoning for why a guardianship would not be in the children's best interest." We disagree. The record reflects that the trial court examined the relevant facts and set forth a rational basis for its decision rejecting a guardianship.

4

¶12    Prior to rendering a decision, the trial court summarized S.I.'s testimony at length, including noting that S.I. had prior health issues,[3] did not have a car, had her own children removed from her care for a period of four years, had a criminal record, and expressed a lack of knowledge about A.P.'s domestic violence related convictions.[4]  The court noted that when asked if there was domestic violence between A.P. and T.T., S.I. indicated that they "both pick at each other" and "[i]t takes two to do anything."  In addition, the court observed that S.I. believes that the children would be safe and well taken care of by T.T.

¶13    After summarizing the relevant testimony, the trial court specifically stated that the case was not only about the termination of parental rights, but also about whether guardianship should be granted to S.I.  The court then discussed various factors including the amount of time the children had been with the foster parents and adoptive resource, the wishes of the children, and whether the children would be able to enter a more stable and permanent family relationship.  *See* WIS. STAT. § 48.426(3).  In particular, the trial court found that S.I. did not have a substantial relationship with C.P. and P.P. and it would not be harmful to sever that relationship.

¶14    In addition, the trial court stated that

> [w]hen I heard the testimony from [S.I.], and the lack of understanding of the domestic violence issues, it gave me pause, because what it showed to me is if she doesn't have an understanding of the violence and the trauma

---

[3] S.I. previously had surgery on her foot and knee.

[4] A.P. was convicted of one count of battery with a domestic abuse modifier, one count of false imprisonment as a party to a crime, two counts of felony bail jumping, and one count of interfering with custody.

5

experienced by [C.P.], then she may not be able to protect against it.

The court also stated that S.I. was "caring" and "love[d] her grandchildren without a doubt[;]" however, S.I.'s failure to see any safety concerns with T.T. was "of great concern." The court stated that "[m]y concern would be if I transferred guardianship to [S.I.] that she would allow unfettered access" by T.T. to C.P. and P.P.

¶15 Ultimately, the trial court concluded that "I am finding that [S.I.] has not met [her] burden. I am denying the guardianship at this point in time and dismissing it." The court elaborated further, stating "I did in fact find that the parents are unfit, ultimately, and I am finding that the guardianship is not necessary, in that I am granting the termination of parental rights and indicating adoption is in the best interest of these children." The court then went on to explicitly incorporate its previous findings and conclusions. The court stated that "I have already reflected on the record relative to the relationship between [S.I.] and the children, and so I am not finding that placement with [S.I.] is in the children's best interest."

¶16 Thus, contrary to A.P.'s argument, based on the record, we conclude that the trial court did not erroneously exercise its discretion in rejecting a guardianship. The court considered the relevant facts and set forth a rational basis for its decision.

¶17 Finally, A.P. argues that this court should vacate the orders terminating his parental rights in the interest of justice and remand for a determination on whether DMCPS complied with WIS. STAT. § 48.834(1). Again, we disagree.

6

¶18   The plain language of WIS. STAT. § 48.834(1) states that the department shall consider the availability of a placement for adoption with a relative of the child:

> Before placing a child for adoption … the department … making the placement shall consider the availability of a placement for adoption with a relative of the child who is identified in the child's permanency plan under [WIS. STAT. §] 48.38 … or who is otherwise known by the department, county department, or child welfare agency.

¶19   As the GAL suggests, WIS. STAT. § 48.834(1) only requires that DMCPS "consider" the availability of a placement for adoption with a relative of the child.   The statute does not state that DMCPS must place a child with a relative.

¶20   Here, DMCPS did consider the availability of placement with S.I. DMCPS initially determined that S.I. was not an appropriate placement because she had a history with CPS, a criminal record, and minimized the domestic abuse by A.P.  Subsequently, after S.I. went through a rehabilitation process, DMCPS determined that moving C.P. and P.P. was not in their best interests.

¶21   Therefore, we conclude that this is not an exceptional case warranting us to vacate the orders terminating A.P.'s parental rights to C.P. and P.P.  *See **State v. Kucharski***, 2015 WI 64, ¶23, 363 Wis. 2d 658, 866 N.W.2d 697 ("Reversals in the interest of justice should be granted only in exceptional cases.").

*By the Court.*—Orders affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)4.