COURT OF APPEALS
DECISION
DATED AND FILED

June 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP369**

STATE OF WISCONSIN

Cir. Ct. No. 2020TP95

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.M.H., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

M.S.H.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Reversed and cause remanded with directions.*

¶1    DONALD, P.J.[1]  M.S.H. appeals the order of the circuit court terminating her parental rights to her daughter, A.M.H.  M.S.H. contends that the circuit court erroneously exercised its discretion at the dispositional hearing when it found that it was in A.M.H.'s best interests to terminate M.S.H.'s parental rights. As discussed below, we reverse and remand for a hearing regarding whether M.S.H. was entitled to the disclosure of the prospective adoptive resource's identity.

## BACKGROUND

¶2    On April 28, 2020, the State filed a petition to terminate M.S.H.'s parental rights to A.M.H.[2]  The petition alleged that A.M.H. was a child in continuing need of protection or services (continuing CHIPS) and that M.S.H. had failed to assume parental responsibility.

¶3    Prior to trial, the State served interrogatories and requests for admissions upon M.S.H.  M.S.H. failed to answer the discovery requests.  As a result, the State filed a motion for admissions to be deemed admitted and a motion for partial summary judgment with respect to the continuing CHIPS ground.  The circuit court granted the motions.  Based on the summary judgment finding, the circuit court made a finding of unfitness.

¶4    At the start of the dispositional hearing, the circuit court stated that there was a sidebar where just the lawyers were present.  The court indicated that

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  A.M.H.'s biological father is unknown.

the State wanted to treat the prospective adoptive resource as undisclosed. The State explained that the prior placement had been undisclosed and there had been issues in the past regarding M.S.H. and the placements. According to the State, M.S.H. had caused "disruptions" to prior placements. Over the objection of M.S.H., the circuit court granted the State's request.

¶5      The State then presented the testimony of M.S.H.'s case manager, C.B. Relevant to this appeal, C.B. testified that A.M.H.'s current placement was not an adoptive resource, but that there was an undisclosed prospective adoptive resource. According to C.B., the undisclosed prospective adoptive resource had expressed a desire to adopt A.M.H. and was licensed to adopt. C.B. further testified that the resource was aware of A.M.H.'s needs and the services she requires.[3] C.B. also testified that if the resource was not able to adopt, A.M.H. was otherwise an adoptable child. The State did not present any other witnesses.

¶6      After M.S.H. testified on her behalf, the circuit court found that it was in A.M.H.'s best interests to terminate M.S.H.'s parental rights. This appeal follows. Additional relevant facts will be referenced below.

**DISCUSSION**

¶7      On appeal, M.S.H. contends that the circuit court erroneously exercised its discretion at the dispositional hearing when it found that it was in A.M.H.'s best interests to terminate M.S.H.'s parental rights. In support, M.S.H. argues that her rights should not have been terminated in the absence of any

---

[3] A.M.H. has needs related to posttraumatic stress disorder and trauma history.

testimony from the prospective adoptive resource, and the lack of information regarding the prospective adoptive resource.

¶8 A circuit court's decision will be upheld if there is a proper exercise of discretion. *See* *State v. Margaret H.*, 2000 WI 42, ¶32, 234 Wis. 2d 606, 610 N.W.2d 475. "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶9 We turn first to whether the identity of the prospective adoptive resource should have been disclosed. M.S.H. and the State agree that the disclosure of the identity of the prospective adoptive resource is governed by WIS. STAT. § 48.355(2)(b)2. This statute provides:

> If the child is placed outside the home, the name of the place or facility, including transitional placements, where the child will be cared for or treated, except that if the placement is a foster home and if the name and address of the foster parent is not available at the time of the order, the name and address of the foster parent shall be furnished to the court and the parent within 21 days after the order. *If, after a hearing on the issue with due notice to the parent or guardian, the judge finds that disclosure of the identity of the foster parent would result in imminent danger to the child or the foster parent, the judge may order the name and address of the prospective foster parents to be withheld from the parent or guardian.*

(Emphasis added.)

¶10 Here, in granting the State's request to conceal the identity of the prospective adoptive resource, the circuit court stated:

> I am certainly aware of the history in this case of the disruptive behavior with placements and the prior placement or current placement I should say is undisclosed

4

and so I will grant the State's request that that continue to
be the case.

¶11     As M.S.H. observes, the circuit court did not make any findings on the record regarding whether disclosure "would result in imminent danger to the child or the foster parent" as required by WIS. STAT. § 48.355(2)(b)2.  Moreover, we note that neither the State in its request nor the circuit court in its decision indicated on the record what the "disruptive behavior" entailed.

¶12     Accordingly, we reverse and remand for a new hearing regarding whether the identity of the prospective adoptive resource should be disclosed, and based on the circuit court's findings, whether M.S.H. is entitled to a new dispositional hearing to question the resource or otherwise present evidence relating to the resource.[4]

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] Because we are reversing and remanding for a hearing regarding whether the identity of the prospective adoptive resource should be disclosed, we do not address M.S.H.'s other arguments which include that the State's request for nondisclosure of the prospective adoptive resource at the start of the dispositional hearing did not constitute "due notice," *see* WIS. STAT. § 48.355(2)(b)2., or whether the circuit court could properly consider the likelihood of adoption or whether the child could enter into a more stable and permanent home, *see* WIS. STAT. § 48.426(3)(a), (f), in the absence of testimony from the prospective adoptive resource. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (stating that appellate courts should decide cases on the narrowest possible ground).