# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2022AP585**
**2022AP586**
**2022AP587**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2020TP78**
**2020TP79**
**2020TP80**

**IN COURT OF APPEALS**
**DISTRICT I**

APPEAL NO. 2022AP585

IN RE THE TERMINATION OF PARENTAL RIGHTS TO L.G., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

S.G.,

      RESPONDENT-APPELLANT.

**APPEAL NO. 2022AP586**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO L.S., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

       **PETITIONER-RESPONDENT,**

   **V.**

**S.G.,**

       **RESPONDENT-APPELLANT.**

---

**APPEAL NO. 2022AP587**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO L.S., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

       **PETITIONER-RESPONDENT,**

   **V.**

**S.G.,**

       **RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed.*

¶1 DONALD, P.J.[1] S.G. appeals the orders of the circuit court terminating her parental rights to her three children, L.G., L.S., and L.S.[2] S.G. contends that the circuit court erroneously exercised its discretion when it terminated S.G.'s parental rights. We affirm.

## BACKGROUND

¶2 On April 8, 2020, the State filed a petition to terminate S.G.'s parental rights to her sons, L.G., L.S., and L.S. The petition alleged that the children were in continuing need of protection or services (continuing CHIPS) and that S.G. had failed to assume parental responsibility.[3]

¶3 The children were originally placed out of the home in July 2018 due to concerns that S.G. was unable to care for the children as a result of mental health or substance abuse issues. At the time of removal from the home, L.G. was five, L.S. was four, and L.S. was three. The two oldest children, L.G. and L.S., were placed in the same foster home. The youngest child, L.S., was placed in a separate foster home. Throughout the pendency of the case, the two older children remained together, and the younger child always resided separately.

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Two of the children share the exact same initials.

[3] The children's biological father's rights were also terminated in these proceedings. His rights are not on appeal in this action. As a result, this decision focuses on the facts and the proceedings as they relate to S.G.

¶4    S.G. entered a no contest plea, and a fact finding hearing took place. The circuit court found that the State had established the continuing CHIPS ground, but not the failure to assume parental responsibility ground.

¶5    The matter then proceeded to disposition. Relevant to this appeal, at the hearing, J.T. testified that he was the foster parent for L.S., the youngest child. L.S. was three years old when he was placed in J.T.'s home. When L.S. came to J.T.'s home, he had some behavioral issues, including sexualized behaviors, difficulty regulating his emotions, and difficulty regulating his eating and drinking. According to J.T., L.S. was triggered into emotional breakdowns due to issues with his brothers. In particular, L.S. stated that his brothers would beat up on him or show him inappropriate videos. Despite these negative interactions, J.T. testified that over the last two-and-a-half years, there have been improvements in how the brothers interact with each other. J.T. testified that he was committed to allowing L.S. visitation with his brothers post-adoption.

¶6    E.S. testified that she had been the foster parent for the two older children, L.G. and L.S., for approximately fifteen months. At the time of the placement, L.G. was seven years old, and L.S. was six years old. L.G. initially displayed some sexualized behaviors and has been diagnosed with post-traumatic stress disorder; L.S. has behavioral issues that are consistent with attention-deficit/hyperactivity disorder. E.S. further testified that there was some triggering behavior between all three of the siblings; however, E.S. was open to allowing L.G. and L.S. to continue to interact with their younger brother post-adoption. E.S. would like them to develop "happy memories with each other and spend as much time with each other as possible."

4

¶7      The case manager testified that the Division of Milwaukee Child Protective Services tries its best to keep siblings together; however, because the three children were around the same age and had similar behavioral issues, this made it difficult to find a placement willing to take all three children. She opined that a separate placement for the youngest, L.S., was a "good thing" because it allowed him extra attention and time and she did not think he would have made the same progress had he been placed with his brothers. She also noted that when she got the case, the children did not ask about each other and were emotionally separated.

¶8      The circuit court found that it was in the children's best interests to terminate S.G.'s parental rights. This appeals follows. Additional relevant facts will be referenced below.

## DISCUSSION

¶9      On appeal, S.G. argues that the circuit court erroneously exercised its discretion at the dispositional hearing when it terminated S.G.'s parental rights.

¶10     The circuit court's decision whether to terminate parental rights is discretionary. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶11     When assessing whether termination is warranted, the circuit court is required to focus on what is in the child's best interests. WIS. STAT. § 48.426(2);

*Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶28, 255 Wis. 2d 170, 648 N.W.2d 402.  To make this decision, the court considers, but is not limited to, the following factors:

> **(a)** The likelihood of the child's adoption after termination.
>
> **(b)** The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> **(c)** Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> **(d)** The wishes of the child.
>
> **(e)** The duration of the separation of the parent from the child.
>
> **(f)** Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3).

¶12    S.G. concedes that the circuit court considered the factors in WIS. STAT. § 48.426(3)(a), (d), (e), and (f).  S.G. contends, however, that the circuit court failed to consider the age of the children under subsection (b), and whether the children have substantial relationships with other family members and whether it would be harmful to sever such relationships under subsection (c).  We disagree.

¶13    To start, the circuit court did consider the ages of the children.  The circuit court stated that "if for some tragic reason these foster parents were not able to adopt them," the children were an adoptable age.  The circuit court then went on to state that it feared that if termination did not take place now, the children could experience more trauma, and two or three years down the road

6

could have increasing behavioral issues, which would make it more difficult to place the children with an adoptive resource, and at that point, the children could end up dead or in prison. Thus, we conclude that the circuit court did take into consideration the ages of the boys.

¶14 In addition, the circuit court specifically considered the relationships that the children had with other family members. The circuit court found that the children did not have a substantial relationship with their paternal or maternal extended family members. While the circuit court did not explicitly address the relationship the children had with each other, WIS. STAT. § 48.426(3)(c) does not specifically identify which relationships a circuit court is required to consider or how much weight to give to each relationship.

¶15 Moreover, even if the circuit court was required to consider the relationships between the children, and we assume that the children, despite living apart, have a "substantial relationship," a review of the record does not establish that severing the legal relationship would be "harmful." *See* WIS. STAT. § 48.426(3)(c); *State v. Margaret H.*, 2000 WI 42, ¶37, 234 Wis. 2d 606, 610 N.W.2d 475 (When faced with "inadequate findings," "[a]n appellate court may… review the record anew and affirm if a preponderance of evidence clearly supports the judgment[.]"). The testimony reflected that the foster parents would continue the sibling relationship between the children, thus, no harm would result from legal severance. Accordingly, this factor does not weigh against termination.

¶16 Therefore, we reject S.G.'s argument that the circuit court erroneously exercised its discretion in terminating S.G.'s parental rights, and we affirm the circuit court's orders.

7

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.