COURT OF APPEALS
DECISION
DATED AND FILED

**January 30, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP2043**
**2023AP2044**
**2023AP2045**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2022TP171
2022TP172
2022TP173

**IN COURT OF APPEALS**
**DISTRICT I**

NO. **2023AP2043**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO I.S.A., A PERSON UNDER THE AGE OF **18**:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

E.M.A.,

      RESPONDENT-APPELLANT.

**NO. 2023AP2044**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.S.A., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

       **PETITIONER-RESPONDENT,**

   **V.**

**E.M.A.,**

       **RESPONDENT-APPELLANT.**

---

**NO. 2023AP2045**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.U.A., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

       **PETITIONER-RESPONDENT,**

   **V.**

**E.M.A.,**

       **RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed*.

¶1     DONALD, P.J.[1] Emma[2] appeals from the circuit court orders terminating her parental rights to her children: Ivan, Andrew, and Maddie. Emma argues that the circuit court erroneously exercised its discretion when it weighed the factors detailed in WIS. STAT. § 48.426(3) and found that it was in the best interests of the children to terminate Emma's parental rights. The State and Guardian *ad Litem* (GAL) for the children maintain that the circuit court properly exercised its discretion. This court agrees with the State and GAL, and for the reasons set forth below, this court affirms.

## BACKGROUND

¶2     On September 21, 2022, the State filed petitions to terminate Emma's parental rights over Ivan, Andrew, and Maddie.[3] On March 27, 2023, the circuit court held a hearing where Emma entered a plea of no contest regarding her children's continuing need of protection or services. The circuit court accepted Emma's no contest plea. After additional testimony by the State, the circuit court found Emma unfit. The circuit court set a date for a dispositional hearing approximately forty-five days out to give Emma additional time to seek treatment for her substance abuse problem. The circuit court stated that if Emma sought treatment before the dispositional hearing, then it would postpone the hearing to give her time to go through a rehabilitation program.

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant and her children in this confidential matter using pseudonyms. *See* WIS. STAT. RULE 809.19(1)(g).

[3] The petitions also sought to terminate the rights of the fathers of each of the children; however, the rights of the fathers are not at issue in this appeal.

¶3 At the dispositional hearing on May 17, 2023, the circuit court was informed that Emma had not received treatment despite attempts from her case manager and her alcohol and other drug abuse (AODA) counselor to get Emma into a treatment program. Consequently, the circuit court started the dispositional phase of the termination of parental rights proceedings.

¶4 After hearing the testimony and reviewing the evidence, on July 27, 2023, the circuit court terminated Emma's parental rights. The circuit court emphasized that the children cannot remain in foster care and need safe, stable, and permanent relationships. It focused on Emma's struggles with her addictions and noted that this issue has prevented her from being a safe parent. The circuit court discussed each child's individual health issues. The circuit court found that all three children would likely be adopted by the foster parent. The circuit court also found that the only substantial relationships the children had was with each other, so they should not be separated. Furthermore, the circuit court noted that Andrew and Maddie were too young to express their wishes regarding adoption and that Ivan's wishes were unclear but he struggled with his relationship with Emma. Ultimately, the circuit court found that it was in Ivan's, Andrew's, and Maddie's best interests to terminate Emma's parental rights.

¶5 Emma now appeals the circuit court's orders terminating her parental rights to Ivan, Andrew, and Maddie.

## DISCUSSION

¶6      Emma's arguments take issue with the second phase of termination of parental rights proceedings, the dispositional phase.[4]  At the dispositional phase, the circuit court must consider the evidence and make a record that "reflect[s] adequate consideration of and weight to each factor" in WIS. STAT. § 48.426(3). *State v. Margaret H.*, 2000 WI 42, ¶35, 234 Wis. 2d 606, 610 N.W.2d 475; *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶29, 255 Wis. 2d 170, 648 N.W.2d 402.  These factors include the following:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

---

[4]  "[A] contested termination proceeding involves a two-step procedure.  The first step is the fact-finding hearing to determine whether grounds exist for the termination of parental rights." *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402 (citation omitted).  "When the fact-finding step has been completed and the court has made a finding of unfitness, the proceeding moves to the second step, the dispositional hearing." *Id.*, ¶28.

WIS. STAT. § 48.426(3). Notably, the primary focus in this phase is on the best interests of the child. *Julie A.B.*, 255 Wis. 2d 170, ¶28.

¶7 When the circuit court considered the statutory factors, it found that none of the children had a substantial relationship with Emma primarily due to the lengthy amount of time the children spent outside of Emma's care. Emma argues that the record does not support the circuit court's finding of an unsubstantial relationship between Emma and each of her children. As a result, Emma reasons that the circuit court erroneously exercised its discretion when it terminated Emma's parental rights.

¶8 Wisconsin law does not "mandate the relative weight" to be placed on any particular factor. *Margaret H.*, 234 Wis. 2d 606, ¶29. The circuit court exercises its discretion by weighing factors at the dispositional hearing to make its ultimate determination of whether to terminate parental rights. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). "An appellate court will sustain the circuit court's ultimate determination in a proceeding to terminate parental rights if there is a proper exercise of discretion." *Margaret H.*, 234 Wis. 2d 606, ¶32. "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198. "When reviewing fact finding, appellate courts search the record for evidence to support findings reached by the trial court, not for evidence to support findings the trial court could have reached but did not." *Noble v. Noble*, 2005 WI App 227, ¶15, 287 Wis. 2d 699, 706 N.W.2d 166.

¶9    Emma contends that her testimony discussing how she interacts with the children during visits establishes a substantial relationship. This includes Emma's testimony indicating that her children are happy to see her, call her "mama," and that Emma knows their individual personalities. Emma also points to an approximately one-month period where she contacted her children every day.

¶10    However, there is also evidence in the record that supports the lack of a substantial relationship between Emma and her children. The circuit court emphasized that the children had been in out-of-home care for a long time relative to their young ages. Ivan was placed in out-of-home care in January 2020, when he was six years old; Andrew was also placed in out-of-home care in January 2020, when he was two months old; and Maddie was placed in out-of-home care in February 2021, two days after she was born. For Ivan, the circuit court found, and the record supports, that he had a relationship with Emma because he spent more time with her than Andrew and Maddie had; however, that relationship had been mitigated by Emma's absences to the point that it was no longer substantial.

¶11    The case manager testified that there were periods of weeks and months at a time where Emma would not visit her children. At one point Emma's lack of communication caused Ivan to think that Emma had died. Furthermore, Emma's visits to her children had not progressed beyond supervised visits because "[Emma] has not been able to complete the conditions for return or demonstrate the behavior change that would indicate that she could be a safe placement for [her children]." Relatedly, the circuit court also discussed how "[Emma] has significant AODA issues that have not been addressed," and that these issues have prevented her from being a safe parent to her children. Ultimately, there is sufficient evidence in the record supporting that Emma's relationship with her

children was not substantial. Thus, the circuit court did not erroneously exercise its discretion when considering this factor.

¶12 Emma also stresses that there was no evidence of the children's wishes. However, the circuit court's findings are supported by evidence of the children's wishes in the record. The circuit court found that Maddie and Andrew were too young to express their wishes. Regarding Ivan, the circuit court found that it was not clear whether he prefers adoption. These findings are directly supported by the case manager's testimony that Maddie and Andrew were too young to understand adoption and that Ivan "has gone back and forth" on his wishes for adoption. Additionally, the case manager testified that Ivan recognized that Emma might not be the safest option for him. Therefore, the circuit court did not erroneously exercise its discretion when considering the wishes of the children.

## CONCLUSION

¶13 After reviewing the records, it is clear that the circuit court considered the appropriate standard and all of the statutory factors when it determined that terminating Emma's parental rights was in each child's best interests. The circuit court explained its findings with respect to each factor for each child. Additionally, the circuit court's findings are supported by evidence in the record. Ultimately, the circuit court examined the relevant facts, applied the proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *See **Mable K.***, 346 Wis. 2d 396, ¶39. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.