# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal Nos.** **2023AP2093** | Cir. Ct. Nos. 2021TP107 |
| **2023AP2094** | 2021TP108 |
| **2023AP2095** | 2021TP109 |
| **2023AP2096** | 2021TP110 |
| **2023AP2097** | 2021TP111 |
| **2023AP2098** | 2021TP112 |
| **2023AP2099** | 2021TP113 |
| **2023AP2100** | 2021TP114 |

**STATE OF WISCONSIN**               **IN COURT OF APPEALS**
**DISTRICT I**

---

APPEAL NO. 2023AP2093

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.B., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

M.M.,

      RESPONDENT-APPELLANT.

---

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

**APPEAL NO. 2023AP2094**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.B., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

   **V.**

**M.M.,**

      **RESPONDENT-APPELLANT.**

**APPEAL NO. 2023AP2095**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO V.B., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

   **V.**

**M.M.,**

      **RESPONDENT-APPELLANT.**

2

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

APPEAL NO. 2023AP2096

IN RE THE TERMINATION OF PARENTAL RIGHTS TO L.B., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

v.

M.M.,

RESPONDENT-APPELLANT.

APPEAL NO. 2023AP2097

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.B., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

v.

M.M.,

RESPONDENT-APPELLANT.

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

APPEAL NO. 2023AP2098

IN RE THE TERMINATION OF PARENTAL RIGHTS TO T.B., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

  V.

M.M.,

       RESPONDENT-APPELLANT.

APPEAL NO. 2023AP2099

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.B., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

  V.

M.M.,

       RESPONDENT-APPELLANT.

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

**APPEAL NO. 2023AP2100**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO Z.B., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

  **V.**

**M.M.,**

      **RESPONDENT-APPELLANT.**

APPEALS from orders of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Affirmed*.

¶1 GEENEN, J.[1] Melissa appeals from circuit court orders terminating her parental rights to her children: James, Joseph, Violet, Lucy, Molly, Timothy, Matthew, and Zoey.[2] Melissa argues that the circuit court erroneously exercised its discretion when it determined that the termination of Melissa's parental rights was in the best interests of the children. Specifically, Melissa argues that the circuit court should have placed the children with their maternal grandmother,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we refer to the family in this confidential matter using pseudonyms. *See* WIS. STAT. RULE 809.19(1)(g).

5

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

Yvonne, in light of testimony indicating that Yvonne was able to accommodate all eight children, evidence of substantial relationships between Melissa and her children, and a lack of evidence of the children's wishes. This court disagrees and, for the following reasons, affirms.

## BACKGROUND

¶2      On May 17, 2021, the State filed petitions to terminate Melissa's parental rights to James, Joseph, Violet, Lucy, Molly, Timothy, Matthew, and Zoey (the TPR Petitions).[3]  At the grounds hearing on April 25, 2022, Melissa entered a no contest plea on the ground that that her children had a continuing need of protection or services under WIS. STAT. § 48.415(2).  After hearing testimony from the State, the circuit court accepted Melissa's plea and found her unfit.  The circuit court then proceeded to the dispositional phase of the termination of parental rights proceedings.

¶3      The circuit court held three dispositional hearings on January 12, January 13, and April 5, 2023, during which the children's foster parents,[4] the court-appointed special advocate for the children, the current and former case managers, the children's maternal grandmother Yvonne, the supervised visitation

---

[3] The State also sought to terminate the parental of rights of Lucy's unknown father and James', Joseph's, Violet's, Molly's, Timothy's, Matthew's, and Zoey's father.  The rights of Lucy's father are not at issue on this appeal and the other children's father is now deceased.

[4] The eight children resided in sibling groups in three separate homes; James and Joseph lived in one home, Violet, Lucy, and Timothy lived together in another, and Molly, Matthew, and Zoey also lived together.

6

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

worker, and Melissa testified. Notably, Melissa did not ask the court to return the children to her care. Instead, Melissa asked the circuit court to dismiss the TPR Petitions, reinstate the CHIPS proceedings,[5] and order the children's placement and guardianship with Yvonne.

¶4 On April 5, 2023, after hearing all of the testimony, the circuit court rendered its decision that termination of Melissa's parental rights was in the best interests of the children. The circuit court explained its decision by going through each factor in WIS. STAT. § 48.426 for each child. The circuit court found that all of the children wanted to continue to visit Melissa and Yvonne, but that Melissa's and Yvonne's relationships with the children were not substantial ones. It also found that if it did not terminate Melissa's parental rights, the children would remain in foster care indefinitely for two main reasons. First, it was not clear if or when Melissa would satisfy the conditions necessary for the children to return to her care. Second, Yvonne was unable to care for all eight of the children and meet their individual medical needs, in addition to caring for Melissa's two oldest children, not subject to these proceedings, for whom Yvonne is the guardian.

¶5 The circuit court also considered each child's health, medical needs, and development, both at the time they were removed from the home and at the time of disposition; the amount of time the children had been out of Melissa's care

---

[5] "CHIPS is the commonly used acronym to denote the phrase 'child in need of protection or services' as used in the Wisconsin Children's Code, chapter 48, Stats." *Marinette Cnty. v. Tammy C.*, 219 Wis. 2d 206, 208 n.1, 579 N.W.2d 635 (1998).

7

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

as "significant;" that the foster parents wanted to adopt the children; the children's bonds with their respective foster parents; who each child considers their parent, and what each child considers "home;" and that the foster parents indicated a willingness to support relationships between the children, Melissa, and Yvonne, which would mitigate repercussions from severing the legal relationships. Thus, the circuit court concluded that, in light of all of the facts, terminating Melissa's parental rights was in the children's best interests.

¶6 Melissa now appeals the circuit court's orders.

## DISCUSSION

¶7 Melissa takes issue with the second phase of the termination of parental rights proceedings, the dispositional phase.[6] At the dispositional phase, the circuit court must consider the evidence and make a record that "reflect[s] adequate consideration of and weight to each factor" in WIS. STAT. § 48.426(3). *State v. Margaret H.*, 2000 WI 42, ¶35, 234 Wis. 2d 606, 610 N.W.2d 475; *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶29, 255 Wis. 2d 170, 648 N.W.2d 402. These factors include the following:

> (a) The likelihood of the child's adoption after termination.

---

[6] "[A] contested termination proceeding involves a two-step procedure. The first step is the fact-finding hearing to 'determine whether grounds exist for the termination of parental rights.'" *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402 (citations omitted). "When the fact-finding step has been completed and the court has made a finding of unfitness, the proceeding moves to the second step, the dispositional hearing." *Id.*, ¶28.

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

(b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.

(c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.

(d) The wishes of the child.

(e) The duration of the separation of the parent from the child.

(f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3). Notably, the primary focus in this phase is on the best interests of the child. *Julie A.B.*, 255 Wis. 2d 170, ¶28.

¶8 Melissa argues the circuit court erroneously exercised its discretion when it determined that terminating Melissa's parental rights was in the children's best interests, alleging that the circuit court's "findings are not fully supported on this record[.]" Melissa does not contend that the circuit court failed to consider any required factor; rather, she disagrees with how the circuit court considered some of the factors in light of the available evidence.

¶9 The circuit court exercises its discretion by weighing factors at the dispositional hearing to make its ultimate determination of whether to terminate parental rights. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). Wisconsin law does not "mandate the relative weight" to be placed on any particular factor. *Margaret H.*, 234 Wis. 2d 606, ¶29. "An

9

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

appellate court will sustain the circuit court's ultimate determination in a proceeding to terminate parental rights if there is a proper exercise of discretion." *Id.*, ¶32.

¶10    "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." ***Dane Cnty. DHS v. Mable K.***, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198. "When reviewing fact finding, appellate courts search the record for evidence to support findings reached by the [circuit] court, not for evidence to support findings the [circuit] court could have reached but did not." ***Noble v. Noble***, 2005 WI App 227, ¶15, 287 Wis. 2d 699, 706 N.W.2d 166.

¶11    Melissa highlights that there was testimony to support her claim that placement with the children's grandmother, Yvonne, would have been a good option. The circuit court explicitly recognized Yvonne's efforts to have the children placed with her but, despite these efforts, the circuit court was not convinced that placing eight more children with Yvonne would be in the children's best interests. The circuit court explained that, because of the number of children and the children's behavioral issues, it would be difficult for one person to adequately care for all of them, and expressed concerns about ensuring stability for each of the children.

¶12    The circuit court's reasoning is supported by evidence in the record. The circuit court heard testimony regarding the extent of each child's individual

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

challenges and needs. The case manager's testimony detailed incidents where Yvonne struggled to deescalate situations with the children and fully oversee them during visits while meeting the children's individual needs, and testified that there was a language barrier between the children and Yvonne. That some record testimony exists that could support a different finding is not enough to render the circuit court's exercise of discretion erroneous.

¶13    While Melissa argues that some evidence supported the existence of substantial relationships between herself and her children, the record supports the circuit court's finding that none of the children had a substantial relationship with Melissa. The circuit court heard testimony that the four youngest children, Molly, Timothy, Matthew, and Zoey, did not view Melissa as a parental figure and instead saw their foster parent as their parent. There was also testimony about how Violet, Lucy, and Timothy had more significant emotional relationships with and attachments to their foster parents. Additionally, there was testimony that James and Joseph, as the oldest children, had more memories with Melissa than the other children but were confused and conflicted by their bonds with Melissa and their foster parent.

¶14    The circuit court emphasized that the seven older children had been out of Melissa's care for at least forty-seven months—a relatively large portion of their lives—and that Zoey had been out of Melissa's care for forty months, since she was five days old. Furthermore, the children only visited with Melissa once per week. The circuit court recognized that the children had relationships with Melissa; however, it did not find that they were substantial relationships. The

11

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

circuit court also noted that any possible repercussions from severing the children's legal relationships to Melissa could be mitigated with continued visitations. Ultimately, there is sufficient evidence in the record to support the circuit court's finding that the children do not have substantial relationships with Melissa.

¶15 Finally, Melissa contends that "there was no evidence of the wishes of the children, but only the statement of the guardian ad litem[.]" However, there was evidence of the children's wishes presented to the circuit court. While the two youngest children were too young to express their wishes, the case manager testified at length about where the children told her they wanted to live in the future, and to what extent each child understood that question. Additionally, the foster parents testified about what they heard the children say their wishes for the future were. This evidence is sufficient to support the circuit court's consideration of the children's wishes. *See* WIS. STAT. § 48.299(4)(b) ("[N]either common law nor statutory rules of evidence are binding at a … dispositional hearing …. Hearsay evidence may be admitted[.]").

## CONCLUSION

¶16 After reviewing the record, it is clear that the circuit court did not erroneously exercise its discretion when it determined that terminating Melissa's parental rights was in each child's best interests. The circuit court examined the relevant facts, applied the proper standard of law and, using a demonstrated

Nos. 2023AP2093
2023AP2094
2023AP2095
2023AP2096
2023AP2097
2023AP2098
2023AP2099
2023AP2100

rational process, reached a conclusion that a reasonable judge could reach. *See Mable K.*, 346 Wis. 2d 396, ¶39. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.