COURT OF APPEALS
DECISION
DATED AND FILED

February 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2023AP2366**
**2023AP2367**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2022TP110
2022TP111

**IN COURT OF APPEALS**
**DISTRICT I**

APPEAL NO. 2023AP2366

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. C.-N.:, A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

   V.

S. N.,

      RESPONDENT-APPELLANT.

**APPEAL NO. 2023AP2367**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO T. C., JR., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

  **PETITIONER-RESPONDENT,**

  **V.**

**S. N.,**

  **RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

¶1  WHITE, C.J.[1]  Sally appeals from circuit court orders terminating her parental rights to her children, Amanda and Terry.[2]  Sally argues that the circuit court erroneously exercised its discretion when it determined that the termination of Sally's parental rights was in the best interests of the children. Specifically, Sally argues that termination was not in the children's best interests due to testimony indicating a substantial relationship between Sally and her children, a good relationship between the children and their great-grandfather,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, the family in this confidential matter is referred to using pseudonyms. *See* WIS. STAT. RULE 809.19(1)(g).

Marvin, and a lack of direct evidence of the children's wishes.  This court disagrees, and for the following reasons, affirms the circuit court's orders.

## BACKGROUND

¶2      On June 21, 2022, the State filed petitions to terminate Sally's parental rights to Amanda and Terry.[3]  As a ground for the termination of Sally's parental rights, the State alleged that Amanda and Terry remained children with a continuing need of protection or services pursuant to WIS. STAT. § 48.415(2).[4] The State alleged that Sally failed to control her substance abuse disorder, understand how her substance abuse affects her children, keep a safe and clean home, control her mental health, supervise and place her children's needs above her own, have age-appropriate expectations of her children, provide safe care for her children, and visit her children regularly.

¶3      At the grounds hearing on February 28, 2023, Sally entered a no-contest plea to the CHIPS ground.[5]  The circuit court accepted Sally's plea, and after hearing additional testimony to prove the CHIPS ground on June 1, 2023, found Sally unfit pursuant to WIS. STAT. § 48.424(4).  The circuit court then

---

[3] The State also sought to terminate the parental rights of the children's father; however, the father's rights are not at issue on this appeal.

[4] The State also alleged that Sally abandoned and failed to assume parental responsibility over Amanda and Terry pursuant to WIS. STAT. §§ 48.415(1) and (3).  The State dismissed these grounds when Sally entered a no-contest plea to the continuing need of protection or services ground.

[5] "CHIPS is the commonly used acronym to denote the phrase 'child in need of protection or services' as used in the Wisconsin Children's Code, chapter 48, Stats." *Marinette Cnty. v. Tammy C.*, 219 Wis. 2d 206, 208 n.1, 579 N.W.2d 635 (1998).

moved to the dispositional phase of termination of parental rights (TPR) proceedings.

¶4      At the June 1, 2023 hearing, the circuit court was informed that Sally relapsed since the grounds hearing. Sally had not been in contact with her attorney up until that day, and had only scarce contact with the case supervisor and the foster parents for the past two to three months. The circuit court heard testimony from the case supervisor, who was also formerly the case manager; the foster mother; Marvin, the children's great-grandfather; the children's father; and Sally. On June 15, 2023, the circuit court heard the parties' arguments and rendered its decision.

¶5      After considering the evidence, the circuit court decided that the termination of Sally's parental rights was in the best interests of Amanda and Terry. The circuit court noted that both children had been in foster care for the majority of their lives. The circuit court discussed Sally's struggle with using controlled substances, that she does not have a stable living situation, and is far from completing the main conditions for the return of her children. Additionally, the circuit court took into account the case supervisor's testimony that both children had a bond with the foster parents and that the children's removal from the foster parents would result in "substantial harm" and be "very traumatic" to them.

¶6      The circuit court also considered that the foster parents are an adoptive resource, the children's health and medical needs, the lack of a substantial relationship between the children and the children's biological family, and that the children would be able to enter a more stable and permanent family relationship if they were adopted. The circuit court found credible the foster

4

mother's testimony about how she is open to continuing visits with Sally and Marvin after adoption and that continued visits would mitigate the harm of severing Sally's legal relationship with the children. Thus, the circuit court concluded that, in light of all of the facts, terminating Sally's parental rights was in the children's best interests.

¶7      Sally now appeals the circuit court's orders.

## DISCUSSION

¶8      Sally takes issue with the second phase of TPR proceedings, the dispositional phase.[6] At the dispositional phase, the circuit court must consider the evidence and make a record that "reflect[s] adequate consideration of and weight to each factor" in WIS. STAT. § 48.426(3). *State v. Margaret H.*, 2000 WI 42, ¶35, 234 Wis. 2d 606, 610 N.W.2d 475; *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶29, 255 Wis. 2d 170, 648 N.W.2d 402. These factors include the following:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.

---

[6] "[A] contested termination proceeding involves a two-step procedure. The first step is the fact-finding hearing to determine whether grounds exist for the termination of parental rights." *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402 (citation omitted). "When the fact-finding step has been completed and the court has made a finding of unfitness, the proceeding moves to the second step, the dispositional hearing." *Id.*, ¶28.

(d) The wishes of the child.

(e) The duration of the separation of the parent from the child.

(f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3). The primary focus in the dispositional phase is on the best interests of the child. *Julie A.B.*, 255 Wis. 2d 170, ¶28.

¶9      Sally argues the circuit court erroneously exercised its discretion when it determined that the termination of Sally's parental rights was in the best interests of the children because the circuit court's "findings are not fully supported on this record." Sally does not contend that the circuit court failed to consider any required factor under WIS. STAT. § 48.426(3); rather, she disagrees with how the circuit court considered the third and fourth factors in light of the available evidence.

¶10     The circuit court exercises its discretion by weighing factors at the dispositional hearing to make its ultimate determination of whether to terminate parental rights. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). Wisconsin law does not "mandate the relative weight" to be placed on any particular factor. *Margaret H.*, 234 Wis. 2d 606, ¶29. "An appellate court will sustain the circuit court's ultimate determination in a proceeding to terminate parental rights if there is a proper exercise of discretion." *Id.*, ¶32.

¶11     "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated

rational process reaches a conclusion that a reasonable judge could reach." ***Dane Cnty. DHS v. Mable K.***, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198. "When reviewing fact finding, appellate courts search the record for evidence to support findings reached by the [circuit] court, not for evidence to support findings the [circuit] court could have reached but did not." ***Noble v. Noble***, 2005 WI App 227, ¶15, 287 Wis. 2d 699, 706 N.W.2d 166.

¶12     Sally argues that there was evidence supporting the existence of a substantial relationship between herself and her children. Sally points to her own testimony discussing her history with her children, that she has a close relationship with Amanda, and that both Amanda and Terry love her. Sally reasons that as a result of this evidence, the third factor, WIS. STAT. § 48.426(3)(c), does not favor the termination of her parental rights.

¶13     Section 48.426(3)(c) requires the circuit court to consider whether the child has a substantial relationship with their family members. This factor also requires evaluation of "the effect of a legal severance on the broader relationships existing between a child and the child's birth family." ***Margaret H.***, 234 Wis. 2d 606, ¶21.

¶14     The circuit court found that this factor weighed in favor of termination of Sally's parental rights. It recognized that Sally and Amanda have a "strong relationship," but did not find that it was a substantial one. The circuit court discussed how there could be some harm to Amanda from severing her legal relationship to Sally, but was confident there would not be any harm to Terry due to his young age. The circuit court also noted that any harm to Amanda could be mitigated through continuing her therapy and, ideally, through continued contact with Sally after adoption.

¶15     The evidence in the record supports the circuit court's finding. Both Amanda and Terry have spent most of their lives outside of Sally's care. Sally would visit Amanda and Terry but there were some issues with Sally's visitations. The case supervisor testified that when Sally's visits were once per week Sally was able to consistently make them. However, when a second weekly visit was added, Sally's visits became inconsistent and were placed on hold about two months prior to the June 1, 2023 hearing so that Sally and her case manager could work out how to maintain a regular visitation schedule. Prior to the hearing, Sally had not resolved this issue and had not been visiting her children.

¶16     Additionally, Sally's visits never progressed beyond supervised visits. The case supervisor also testified that at these visits Sally had trouble handling the children and frequently needed help from the visitation workers. The case supervisor indicated that the children enjoy visits with Sally but do not talk much about Sally outside of their visits with her. Ultimately, there is ample evidence supporting the circuit court's finding. That some record testimony exists that could support a different finding is not enough to render the circuit court's exercise of discretion erroneous. *See Noble*, 287 Wis. 2d 699, ¶15.

¶17     Sally also highlights testimony indicating that the children have a good relationship with their great-grandfather, Marvin. The circuit court found that neither Amanda nor Terry had a substantial relationship with Marvin. It explained that the children were extremely young when they resided with him and would not have any memories of that experience. The circuit court also noted that Marvin only sometimes sees the children in connection with Sally's visits.

¶18     The evidence in the record supports the circuit court's finding. Sally testified that until 2020, she, Amanda, and Terry stayed with Marvin for

approximately a year. The foster mother testified that she never had any contact with Marvin, but Marvin had participated in some virtual visits with Sally and the children. Additionally, Marvin testified that he sometimes speaks with the children over the phone when Sally has called him during her visits. Marvin may have a good relationship with Amanda and Terry; however, the evidence supports the circuit court's finding that Marvin's relationship with them is not a substantial one.

¶19    Finally, Sally stresses that there was no direct evidence of the children's wishes. The circuit court considered Amanda's and Terry's wishes as required by WIS. STAT. § 48.426(3)(d) and found that the children were too young to express their wishes. The evidence supports the circuit court's finding. At the time of the dispositional hearing, Amanda was four years old and Terry was two years old. The foster mother testified that neither child had expressed any clear wishes about where they want to live in the future.[7] Similarly, the case supervisor testified that she believed the children do not understand the concept of adoption. Thus, the circuit court's finding is sufficiently supported by evidence in the record.

## CONCLUSION

¶20    After reviewing the record, it is clear that the circuit court did not erroneously exercise its discretion when it determined that terminating Sally's parental rights was in each child's best interests. The circuit court's findings are sufficiently supported by the evidence. Ultimately, the circuit court examined the

---

[7] We note that at the June 1, 2023 dispositional hearing Sally had objected to questions to the foster mother about the children's wishes on the grounds that the children were too young to give an opinion on where they want to live in the future.

relevant facts, applied the proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *See Mable K.*, 346 Wis. 2d 396, ¶39. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.